**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Luther J. McCASKILL,**
**Defendant-Appellant.**

**No. 78-5059.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 4, 1978.

Decided Oct. 19, 1978.

Luther J. McCaskill, Marc E. Thomas, Gromek & Bendure, Detroit, Mich. (Court-appointed), for defendant-appellant.

James K. Robinson, U.S. Atty., William J. Richards, Francis Zebot, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, MERRITT, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

The defendant-appellant was convicted pursuant to jury trial under an indictment charging him with possession of heroin and possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and consecutive 5-year sentences were imposed under two counts of the indictment.

In this appeal from that conviction, appellant contends primarily that the district judge erred in permitting him to represent himself at trial without properly warning him of the dangers of such self-representation, in accordance with the teaching of *Faretta v. California,* 422 U.S.

806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Therein, Mr. Justice Stewart wrote:

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. . . . Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." (Citations omitted.)

422 U.S. at 835, 95 S.Ct. at 2541. *Faretta,* however, arose in a different context because Faretta, who "weeks before trial [had] clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel," was denied the right to represent himself and was required to accept the representation of a state-appointed public defender. The Supreme Court vacated the judgment of conviction on the ground that in the circumstances disclosed by the record, Faretta was entitled to represent himself.

There was thus no occasion in *Faretta* to lay down detailed guidelines concerning what tests or lines of inquiry a trial judge is required to conduct in order to determine whether a defendant has "knowingly and intelligently" chosen to forego the benefits of counsel. While a more satisfactory record would be before us had the district judge chosen to follow a line of inquiry akin to that mandated by Rule 11(c), Rules of Criminal Procedure, an examination of the entire record in the present case satisfies us that appellant was in fact aware of the dangers, waived his right to be represented by counsel, and chose to represent himself "with eyes open." It is further apparent that he fully understood his right to appointed counsel and the court's willingness to make such appointment.

 Appellant's additional contention is that he was prejudiced by the trial judge's refusal to grant a 3-day continuance when a motion therefor was presented on the opening day of trial. However, the record establishes that the date of trial had been set and appellant advised thereof at least five weeks prior to trial, and we conclude that no abuse of discretion on the part of the trial court has been established.

Affirmed.