**Margaret CRANE, Petitioner,**

v.

**Eileen RADEKER, etc., et al.,
Respondents.**

**Civ. A. No. 3–83–0518.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 30, 1983.

Robert Delaney and Michael J. Passino, Nashville, Tenn., for petitioner.

Robert Grunow, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDERS, AND CERTIFICATE

NEESE, Senior District Judge, Sitting by Designation.

The petitioner Ms. Margaret Crane applied to this Court in the Middle District of Tennessee, through retained counsel, to entertain her application for the federal writ of habeas corpus. She claims she is in the custody of the respondent-warden within this District pursuant to the judgment of July 12, 1979 of the Circuit Court of Sevier County, Tennessee, within the Eastern District of Tennessee, Northern Division, 28 U.S.C. § 123(a)(1), in violation of the Con-

stitution, Sixth Amendment, Right to Assistance of Counsel Clause,[1] applicable to the state of Tennessee under the Fourteenth Amendment, Due Process Clause, *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525, 2532[2], 45 L.Ed.2d 562 (1975) (The right to have the assistance of counsel for his or her defense is a fundamental "part of the 'due process of law' " guaranteed defendants in the criminal courts of all the states by the Constitution, Fourteenth Amendment.) 28 U.S.C. § 2254(a).

■ Appended to such application is the applicant's affidavit that she is unable to pay the costs of this proceeding or give security therefor and stating her belief that she is entitled to redress. 28 U.S.C. § 1915(a). She hereby is AUTHORIZED to commence and prosecute this proceeding, therefore, without prepaying its fees or costs or giving security therefor. *Id.*

Although the applicant lists three grounds in support of her claim for relief via habeas corpus, all relate to various phases of her claimed deprivation of her right to the assistance of counsel and will be so treated herein: That right to counsel is the right to the effective assistance of competent counsel, *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970), reasonably likely to have rendered and who rendered reasonably effective assistance, *United States v. LaRiche*, 549 F.2d 1088, 1095[1] (6th Cir.1977), *cert. den.*, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977). ("[J]udges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases,") *McMann v. Richardson, supra*, 397 U.S. at 771, 90 S.Ct. at 1449[11].

The applicant asserts that she exhausted the remedies available to her in the courts of Tennessee by presenting the question of her claimed deprivation of such federal right on direct appeal to the Court of Criminal Appeals of Tennessee. 28 U.S.C. § 2254(b). She exhibited (evidently a portion of) the record in *State of Tennessee,*

appellee, *v. Margaret Crane, Alias*, appellant, C.C.A. no. 35 (Sevier) in the immediately aforenamed Court, and states her judgment of conviction was affirmed on October 22, 1980, with permission to appeal further to the Supreme Court of Tennessee, Rule 11, T.R.App.P., having been denied on September 10, 1981.

■ The Constitution, Sixth Amendment, *supra*, does more than guarantee a criminal-defendant the right to the assistance of counsel; it grants to the accused personally the correlative right to make his or her defense personally, without the assistance of counsel. *Faretta v. California, supra*, 422 U.S. at 819–820, 95 S.Ct. at 2533[5]. " * * * The right to defend is given directly to the accused; for it is [s]he who suffers the consequences if the defense fails." *Id.* The specific contention of this applicant is that, although she was accorded her above-stated right of self-representation, as she voluntarily elected to do, her election was not "intelligently" made because she was not " * * * made aware [sufficiently] of the dangers and disadvantages of self-representation." *See ib.*, 422 U.S. at 835, 95 S.Ct. at 2541 ("When an accused manages h[er] own defense, [s]he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent h[er]self, the accused must 'knowingly and intelligently' forego those relinquished benefits * * * so * * * that * * * '[s]he knows what [s]he is doing and h[er] choice is made with eyes open.' ") The applicant's "technical" legal knowledge, as such, was not relevant to an assessment of h[er] knowing exercise of the right to defend h[er]self." *Ib.*, 422 U.S. at 836, 95 S.Ct. at 2541 [*cf.* 15].

■ Once a defendant expresses the desire for self-representation in a criminal trial, the trial-judge faces a real dilemma. If the judge goes too far in cautioning the defendant against proceeding without the assistance of counsel (as would be the pro-

---

1. "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assist-

ance of Counsel for his [or her] defence." Constitution, Sixth Amendment, *supra*.

tective tendency), there is risk of infringing on the defendant's constitutional right of self-representation. If, on the other hand, the trial-judge does not counsel the defendant sufficiently in this regard, the defendant may be deprived of his or her constitutional right to the assistance of counsel. In either event, by asserting the right of self-representation, the defendant paves the way for a challenge to any resulting conviction under the Constitution, Sixth Amendment.

▪ Neither the Supreme Court, nor our Court of Appeals[2] has provided " * * * detailed guidelines concerning what tests or lines of inquiry a trial judge is required to conduct in order to determine whether a defendant has 'knowingly and intelligently' chosen to forego the benefits of counsel. * * * " *United States v. McCaskill*, 585 F.2d 189, 190 (6th Cir.1978). Nonetheless, one thing is clear: a defendant cannot prevail on a denial of counsel claim where an examination of the trial record satisfies the reviewing court.

—that the defendant was aware of the dangers of self-representation;

—that the defendant waived the right to be represented by counsel and chose to represent himself or herself "with eyes open"; and,

—that the defendant understood his or her right to counsel and the Court's willingness to make such an appointment. *Id.; see Faretta v. California, supra*, 422 U.S. at 835, 95 S.Ct. at 2541. From its review of the trial-record herein, this Court is so satisfied.

From the outset of the proceedings herein in the state-court, the trial-judge exhibited genuine concern over the applicant's insistence on exercising her constitutional right of self-representation; he warned her directly of the perils involved in self-repre-

sentation and encouraged her to avail herself of the services of an attorney. She declined so to do and insisted on representing herself, advising the court that she "had been studying law for about seven years."

Circuit Judge Porter offered to appoint counsel for Ms. Crane, and actually appointed (with her acquiescence) one to serve as "standby" counsel. Throughout his colloquy with the defendant, the trial-judge treaded a narrow path, careful to protect concomitantly both her right to the assistance of counsel and her correlative right of self-representation. *See* tr., vol. II, pp. 2–10.

▪ Following the trial, Judge Porter, who had observed Ms. Crane throughout the proceedings, found that she was a "competent," "intelligent", "bright," and "sensible" person. He was obviously impressed with the manner in which she had conducted her defense, finding she had done "an excellent job," "equal to, or perhaps superior to the lawyers that have appeared in my court." The trial judge indicated that Ms. Crane had known exactly what she was doing when she elected to represent herself; had done so as a matter of strategy; and, when that strategy proved unsuccessful, she shifted her approach and began to assert she had been deprived of her right to counsel. Tr., vol. V, pp. 48, *et seq.;* 23, *et seq.* (separate posttrial proceedings).

The foregoing factual determinations made by the trial judge are presumed to be correct. 28 U.S.C. § 2254(d); *Sumner v. Mata II*, 455 U.S. 591, 596–598, 102 S.Ct. 1303, 1306–1307[1–3], 71 L.Ed.2d 480 (per curiam 1982). In view of those findings, and from a review of the trial-record, this Court is satisfied factually that Ms. Crane

**2.** One Circuit has said that, in such a situation, the trial-judge should explain to the defendant: 1) that he has the choice between defense by a lawyer and defense by himself, 2) that, if he has no means to retain an attorney of his choice, the Court will assign a lawyer to defend him without cost, 3) that he will be given a reasonable time within which to make the choice, and 4) that it is advisable to have a lawyer, because of his special skill and training in the law, and that the judge believes it is in the interest of the defendant to have a lawyer, but that he may, if he elects to do so, waive his right to a lawyer and conduct and manage his defense personally. *United States v. Plattner*, 330 F.2d 271, 276[5] (2d Cir.1964).

was aware of the dangers of self-representation; that she waived her right to be represented by counsel and chose to represent herself "with eyes open"; and that she understood her right to counsel and the Court's willingness to make such an appointment. *United States v. McCaskill, supra.* Accordingly, there was no deprivation of the applicant's right to the assistance of counsel. *Id.*

Finding the petitioner is entitled to no relief in either federal District Court with jurisdiction of her application, it hereby is

ORDERED:

(1) that such application is dismissed summarily, Rule 4, 28 U.S.C. fol. § 2254 *supra;*

(2) that the clerk so notify the petitioner and her counsel forthwith, *id.;* and,

(3) that the clerk serve forthwith by certified mail a copy of the petition herein and this order on the respondent-warden and the attorney general and reporter of Tennessee, *id.* This disposition as law and justice require, 28 U.S.C. § 2243, renders MOOT all the additional applications of the petitioner.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, Rule 58(1), F.R.Civ.P., she is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which will ISSUE in that event in the light of the reflection in the evidence that appointed-counsel participated with the applicant in the trial and collateral proceedings. *Cf. State v. Burkhart,* 541 S.W.2d 365, 368 (1976) (a criminal-defendant "may not be forced to accept the service of counsel, and * * * must make a choice between self-representation and representation by counsel"), citing and quoting from *United States v. Conder,* 423 F.2d 904, 907–908 (6th Cir.1970).