**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

v.

**PATRICIA ROMAIN, Appellant**

No. 78-1868

United States Court of Appeals

Third Circuit

Argued April 23, 1979

Filed June 18, 1979

---

JUDITH L. BOURNE, ESQ., Assistant Federal Public Defender, Christiansted, St. Croix, V.I., *for appellant*

MARK L. MILLIGAN, ESQ., Office of the U.S. Attorney, Christiansted, St. Croix, V.I., *for appellee*

Before ROSENN, MARIS and HUNTER, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

The appellant, Patricia Romain, an inmate of the Golden Grove Adult Correctional Facility, St. Croix, was found guilty by a jury of assaulting a matron of the facility, Myrtle Michael, in violation of 14 V.I.C. § 296(3). This appeal is taken from the district court's order of June 14, 1978, sentencing the appellant to serve a term of eighteen months in prison, the term to run concurrently with the sentence the appellant is already serving.

The appellant contends on appeal (1) that the evidence was insufficient to support the district court's denial of the appellant's motion for a judgment of acquittal or to support the jury's verdict, (2) that the verdict represented an impermissible coerced compromise resulting from the trial court's insistence that the jurors continue their deliberations after they had reported themselves deadlocked and (3) that the appellant was denied a fair trial due to the government's failure, through negligence, to produce two

152

defense witnesses. We have considered these contentions and find them to be wholly without merit. However, our examination of the record reveals an error which we are obliged to notice and which requires reversal of the conviction and a new trial, namely, the request of the trial judge to the jury that he be informed of the jury's numerical division on the question of the defendant's guilt or innocence.

The trial took place on May 30, 1978. The following day, after the jury had been deliberating for several hours, the foreman of the jury notified the trial judge that the jury was unable to arrive at a decision. The trial judge then sent a note to the foreman asking for advice on how the jury was divided and requesting that the numbers be inserted in two spaces provided at the bottom of the note. The note was returned to the trial judge with the spaces filled in indicating a division of ten to two.

The Supreme Court has held that the trial judge's inquiry of a jury which is unable to reach agreement as to its numerical division is reversible error. Brasfield v. United States, 272 U.S. 448 (1926). The Court reasoned as follows:

We deem it essential to the fair and impartial conduct of the trial, that the inquiry itself should be regarded as ground for reversal. Such procedure serves no useful purpose that cannot be attained by questions not requiring the jury to reveal the nature or extent of its division. Its effect upon a divided jury will often depend upon circumstances which cannot properly be known to the trial judge or to the appellate courts and may vary widely in different situations, but in general its tendency is coercive. It can rarely be resorted to without bringing to bear in some degree, serious although not measurable, an improper influence upon the jury, from whose deliberations every consideration other than that of the evidence and the law as expounded in a proper charge, should be excluded. Such a practice, which is never useful and is generally harmful, is not to be sanctioned.

153

272 U.S. at 450.

■ We are not here concerned with the question whether the rule stated in Brasfield v. United States is one of constitutional dimension and, therefore, applicable to state as well as federal courts as held in State v. Aragon, 89 N.M. 91, 547 P.2d 574, 580 (Ct. App. 1976), and People v. Wilson, 390 Mich. 689, 213 N.W.2d 193 (1973). But see Ellis v. Reed, 596 F.2d 1195 (4th Cir. 1979), contra. For it is, at the least, a rule adopted by the Supreme Court under its supervisory power over the courts of the United States and, thus, applicable to the courts of the Third Federal Judicial Circuit, of which the District Court of the Virgin Islands is one. See Government of Virgin Islands v. Solis, 4 V.I. 615, 619–620, 334 F.2d 517, 519–520 (3d Cir. 1964).

■ The failure of counsel to bring this error to the court's attention does not preclude its correction on appeal since the error, once committed, cannot be cured. Brasfield v. United States, supra, at 450.

The judgment of the district court will be reversed and the cause remanded for a new trial.