869 P.2d 296

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Augustine ROTIBI, Defendant–Appellant.**

**No. 14313.**

Court of Appeals of New Mexico.

Jan. 5, 1994.

Certiorari Denied Feb. 18, 1994.

Tom Udall, Atty. Gen., Patricia Gandert, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Liane E. Kerr, Albuquerque, for defendant-appellant.

## OPINION

BIVINS, Judge.

The court's opinion filed December 7, 1993, is hereby withdrawn and the following substituted therefor.

Convicted of twelve counts of forgery, Defendant appeals. He raises four issues: (1) denial of his constitutional right to represent himself; (2) sufficiency of evidence to convict based on lack of expert testimony to substantiate handwriting and ineffective assistance of counsel based on failure by court-appointed defense counsel to call expert; (3) defective search warrant; and (4) denial of mistrial based on claimed prosecutorial misconduct in asking a question previously excluded. We hold that the district court applied an incorrect standard in denying Defendant the

right to represent himself and remand for a new trial. Because a new trial is required, we deem it necessary only to reach two of the remaining issues: sufficiency of the evidence and the claim of defective search warrant.

### 1. *The Right to Self–Representation*

■ One accused of a crime has the right to counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 345, 83 S.Ct. 792, 797, 9 L.Ed.2d 799 (1963); *see also State v. Carrothers*, 79 N.M. 347, 349, 443 P.2d 517, 519 (Ct.App.1968). As a corollary, the accused has a right to reject counsel and to represent himself. *See Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In a case where a defendant wishes to represent himself, the district court must determine if the defendant is making a "knowing and intelligent" waiver of counsel and understands fully the dangers of self-representation. *State v. Castillo*, 110 N.M. 54, 57, 791 P.2d 808, 811 (Ct.App.), *cert. denied*, 110 N.M. 44, 791 P.2d 798 (1990).

In this case, at his arraignment on March 2, 1992, Defendant requested the district court allow him to represent himself. After thoroughly explaining the dangers and risks involved as set forth in *Castillo* and satisfying itself that Defendant had made a "knowing and intelligent" waiver, the district court granted Defendant's motion but appointed a stand-by counsel.

A few days later, the State filed a motion asking the district court to reconsider its ruling on the grounds, among other things, that Defendant had not demonstrated sufficient competence to conduct his own defense. The State relied in part on *United States v. Padilla*, 819 F.2d 952 (10th Cir.1987). The district court conducted a hearing on that motion, and the prosecutor was permitted to question Defendant at length concerning his knowledge on how to conduct his own defense. The prosecutor asked Defendant a number of questions relating to Defendant's knowledge of voir dire, research, presentation of evidence, objections, and other procedural matters. The district court then again carefully and thoroughly advised Defendant of the risks and dangers of self-representa-

tion as set forth in *Castillo* and then asked Defendant whether he still wanted to represent himself. Defendant maintained that he did.

While recognizing Defendant's right of self-representation, the district court was not satisfied that Defendant was competent to represent himself at trial, noting that Defendant had no right to force error on the court. The district court judge stated at the conclusion of the hearing, "I would rather err on the side of appointing you an attorney than ... allowing you to represent yourself ineffectively and that [would] be error." The district court then reversed its earlier ruling allowing Defendant to represent himself and appointed a public defender to represent him. Defendant claims this ruling constitutes error.

■ The specific question presented in this appeal, one of first impression, is whether the district court, in addition to ascertaining that waiver of counsel was "knowingly and intelligently" made, must also determine that Defendant has the competency and skill to proceed pro se. Defendant argues that the additional determination of competence as applied in this case was erroneous, and we agree.

There are no fixed guidelines to determine whether a defendant has "knowingly and intelligently" waived the right to counsel and consequently proceed pro se. *See United States v. McCaskill*, 585 F.2d 189, 190 (6th Cir.1978); *see also* Jeffrey P. Willhite, Note, *Rethinking the Standards for Waiver of Counsel and Proceeding Pro Se in Iowa*, 78 Iowa L.Rev. 205, 212–13 (1992). The majority of the courts have determined that to proceed pro se, the defendant must only prove he or she is competent to make a waiver of counsel. *See* Willhite, *supra*, at 232. At least one court, however, has decided that the test to determine whether a waiver is "knowing and intelligent" is twofold, in which the court must determine first the competency of the defendant's waiver and second the defendant's competency to actually proceed pro se. *See id.* The one certain guideline is that the defendant is not required to have the competency and skill of

an attorney to proceed pro se. *See Faretta,* 422 U.S. at 836, 95 S.Ct. at 2541 ("[Defendant's] technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.")

Following *Faretta,* New Mexico courts have attempted to define our guidelines through a series of cases beginning with *State v. Lewis,* 104 N.M. 218, 719 P.2d 445 (Ct.App.1986). This Court in *Lewis* noted that "[t]he right of a criminal defendant to prosecute his own appeal ... contains certain limitations and responsibilities." *Id.* at 220, 719 P.2d at 447. The Court determined the following:

> Consideration of an appellant's request to act as his own counsel on appeal, necessarily involves: (1) alerting defendant to the hazards of serving as his own attorney and the difficulties and complexities of the appellate process; and (2) instructing defendant that he will be bound to follow all applicable appellate rules, just as any other appellant represented by counsel.

*Id.* at 221, 719 P.2d at 448.

Later that same year, the New Mexico Supreme Court held that to determine a defendant is making a "knowing and intelligent" waiver, "the court must inform itself regarding a defendant's competency, understanding, background, education, training, experience, conduct and ability to observe the court's procedures and protocol." *State v. Chapman,* 104 N.M. 324, 327, 721 P.2d 392, 395 (1986). This expanded language might be viewed as following the rule in which the competency of the waiver and the competency to proceed pro se are inquired into. We do not, however, believe the Supreme Court intended to add an additional test.

Most recently, this Court decided *Castillo,* 110 N.M. at 57, 791 P.2d at 811, in which we determined that the court must (1) advise the defendant of the dangers of proceeding pro se, (2) inform the defendant of the charges, statutory offenses, range of punishment, possible defenses, and (3) ensure that the defendant will follow all rules of evidence and courtroom procedures. Additionally, the Court pointed to *Padilla,* 819 F.2d at 958, for the proposition that the court must also inquire into "defendant's age and education, previous experience with criminal trials, and representation by counsel before trial." *Castillo,* 110 N.M. at 57, 791 P.2d at 811.

Defendant also argues that counsel cannot be forced on him. In *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942), the Supreme Court held that "the Constitution does not *force* a lawyer upon a defendant." (Emphasis added.) This Court additionally indicated that in New Mexico, "[w]here a defendant has timely voiced such request [for self-representation] and a waiver of court-appointed counsel is knowingly and intelligently undertaken, counsel may not thereafter be forced upon an appellant." *Lewis,* 104 N.M. at 221, 719 P.2d at 448.

While we can readily understand the district court's reluctance to allow Defendant to proceed pro se, once it has been determined that the waiver of counsel was "knowingly and intelligently" made by a defendant, as in this case, the court had no alternative but to allow Defendant to proceed on his own. To add an additional test of competency to conduct the trial would effectively take away the right to reject counsel and proceed pro se. Other than defendants trained in the law, few would possess the skills to conduct an effective defense. This is the reason defendants wishing to represent themselves are given the *Castillo* warnings. We note that the trial court has the option of terminating self-representation when a defendant deliberately engages in serious and obstructive misconduct. Further, the court has the right to appoint standby counsel to aid the accused at such time as the accused requests help or to be available to represent the accused if termination of self-representation is necessary. *Faretta,* 422 U.S. at 834–35 n. 46, 95 S.Ct. at 2540–41 n. 46.

Therefore, we set aside the verdicts and remand for a new trial to allow Defendant to represent himself with stand-by counsel if the court wishes. Defendant argued below and on appeal that he also has a right to access to a law library.

In *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), the

Supreme Court held that prisoners' rights to access the courts encompasses either adequate law library facilities or assistance of persons trained in the law. The Supreme Court left the options on how to satisfy this requirement up to the states, for example, through either the use of standby attorneys or perhaps paralegals. *See Bounds,* 430 U.S. at 830–31, 97 S.Ct. at 1499; *Faretta,* 422 U.S. at 834–35 n. 46, 95 S.Ct. at 2540–41 n. 46. Although the Supreme Court appeared to require the option of *either* a library or legal assistance, the trend is to require more than a library. *See* Howard Meshnick, Case Comment, 19 Suffolk U.L.Rev. 120, 127 (1985).

At the second hearing, the district court judge noted that if he was going to grant Defendant's request to represent himself, he could resolve the access to a library problem by incarcerating Defendant at the Southern New Mexico Correctional Facility which had a law library. Given that resource as well as the district court's earlier appointment of stand-by counsel to assist Defendant with research, we do not foresee access as a problem on remand.

### 2. *Sufficiency of the Evidence*

Defendant makes two arguments under this point. In the first part, he briefly challenges the sufficiency of the evidence; and in the latter, he claims ineffective assistance of counsel in failing to call a handwriting expert. The substance of Defendant's argument is that, without a handwriting expert, there was no competent proof that Defendant forged the documents in question. Defendant notes that, after the State obtained examples of Defendant's handwriting, its expert was unable to reach a definite opinion as to whether Defendant signed the documents. That expert was not called by the State. Thus, Defendant argues that his counsel was ineffective in not calling her for the defense.

Because we remand for a new trial, we do not reach the ineffective assistance of counsel question. We do, however, examine the sufficiency of the evidence because, if there was not sufficient evidence to convict, the indictment would have to be dismissed with prejudice and Defendant would have to be dis-

charged. We determine, however, that there was sufficient evidence.

The evidence presented indicates that Defendant and another man passed a number of counterfeit traveller's checks, in denominations of $100, among merchants in Las Cruces on or about November 15, 1991. After making a small purchase and signing the traveller's checks, Defendant and the other man would receive the difference in cash. Many of the items purchased were found in the hotel room occupied by Defendant.

When reviewing the sufficiency of the evidence in a criminal case, it is the court's function "to determine whether *any* rational jury could have found each element of the crime to be established beyond a reasonable doubt." *State v. Garcia,* 114 N.M. 269, 274, 837 P.2d 862, 867 (1992). We view the evidence in the light most favorable to the verdict, resolving all conflicts in the evidence and indulging all permissible inferences to be drawn from it in favor of upholding the verdict. *State v. Hernandez,* 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). This Court does not weigh the evidence or substitute its judgment for that of the jury so long as there is sufficient evidence to support the verdict. *State v. Sutphin,* 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Defendant's claim of insufficiency of evidence relates only to the making of a false signature.

Forgery consists of falsely making or altering any signature or knowingly issuing or transferring a forged writing with intent to injure or defraud. NMSA 1978, § 30–16–10 (Repl.Pamp.1984). Although the State did not offer a handwriting expert to match the signature on the counterfeit traveller's checks with that of Defendant, we believe that the evidence was sufficient for the jury to find beyond a reasonable doubt that Defendant did sign several of the checks. The State put on evidence that the checks were counterfeit, a hotel room registration card for a room checked out to an accomplice in the fraud bore Defendant's signature, Defendant was identified by several of the store clerks involved as the person who had passed the counterfeit checks in purchasing items, and many of the items

purchased were found in the room where Defendant stayed.

We hold the above-mentioned evidence was sufficient to convict.

### 3. *Defective Warrant*

The affidavit for a search warrant of Defendant's hotel room identified Room 170 at the Holiday Inn as a location for the search. Defendant argues that he stayed in the same room number at the Plaza Suites, but not the Holiday Inn. The Holiday Inn and the Plaza Suites, however, are owned by the same managing group, located on the same premises but in separate buildings and have the same management, although they maintain separate business telephones.

A description in a search warrant is sufficient if the description enables the officer to identify the place intended to be searched with reasonable effort. *State v. Aragon*, 89 N.M. 91, 93, 547 P.2d 574, 576 (Ct.App.) (citing *State v. Sero*, 82 N.M. 17, 21, 474 P.2d 503, 507 (Ct.App.1970)), *cert. denied*, 89 N.M. 206, 549 P.2d 284 (1976), *overruled on other grounds by State v. Rickerson*, 95 N.M. 666, 625 P.2d 1183, *cert. denied*, 454 U.S. 845, 102 S.Ct. 161, 70 L.Ed.2d 132 (1981). Given the fact that there was no Room 170 at the Holiday Inn, that if anyone requested that room number they would have been sent to the Plaza Suites, and that officers had already identified Defendant's room at the Plaza Suites so they knew where to go once the warrant was obtained, we hold that Defendant's claim is without merit.

### 4. *Conclusion*

We set aside Defendant's convictions and remand for a new trial with Defendant being allowed to represent himself in accordance with this opinion.

**IT IS SO ORDERED.**

MINZNER, C.J., and FLORES, J., concur.