This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                        **No. 27,756**

**CURTIS MANNING,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Francine A. Chavez, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

The State appeals the district court's order suppressing all evidence obtained

in connection with a search of Defendant's residence. Las Cruces/Doña Ana County

Metro Narcotics officers searched Defendant's residence at 8700 Hwy 478, Vado, New Mexico, pursuant to a search warrant and affidavit that incorrectly identified the residence as 8628-B Hwy 478, Vado, New Mexico. The State's issue on appeal is whether the description of the property in the affidavit, combined with the executing officer's personal knowledge of the place to be searched, is sufficient to cure the incorrect address.

The State disputes two of the district court's findings in the suppression order: (1) that "'[t]here are several similar residences in the vicinity of . . . [D]efendant's residence,'" and (2) that "[t]he warrant did not identify the premises to be searched 'in such a manner as to leave the officer executing the search warrant no doubt and no discretion regarding the premises to be searched.'"

The State's primary argument is that the error in the physical address listed on the warrant is a technical error that is not fatal when the property description in the affidavit, combined with personal knowledge of the premises by the officer executing the search warrant, is such that there is "no doubt and no discretion" as to the correct property to search. The State also argues that the court's finding of similar residences in the area is not supported by substantial evidence because no evidence was introduced regarding the appearance of the surrounding homes.

Defendant's main counter-argument is that the property description in the affidavit and the executing officer's personal knowledge of the premises are not adequate to cure the incorrect physical address in the warrant because there are similar residences in the area, the homes had address numbers posted, and to allow personal knowledge of the executing officer to override the specifics of a warrant is contrary to the purpose of a written warrant. Because the address on the warrant was incorrect, Defendant asserts that the search was, in effect, warrantless. Defendant argues that the State failed to meet its burden since it did not introduce any photographs or testimony proving that "other houses in the neighborhood were dissimilar in physical appearance."

The State does not dispute that it bears the burden of proof to justify a warrantless search, but points out that this case "challenge[s] . . . the particularity of the warrant[,] not . . . the validity of the warrant on its face." The State therefore asserts that the issue is the sufficiency of the warrant and that it is Defendant who has the burden to prove the warrant was not sufficient.

For the reasons that follow, we reverse the district court's order suppressing all evidence and remand for proceedings consistent with this opinion.

**BACKGROUND**

Following surveillance and two separate drug purchases by confidential informant(s),[1] a search warrant was issued on December 1, 2006, for Defendant's residence. The search warrant affidavit describes Defendant's residence as "a Single Family Dwelling located at 8628-B HWY 478 Vado, . . . an apartment house, tan and brown in color with brown trim. The front door faces west. There are windows directly to the north and the south of the front door." The address listed on the warrant, 8628-B Highway 478, was retrieved through a driver's license check on Defendant. However, the address on the warrant is the home of Defendant's mother, not Defendant. Defendant's address, the residence the officers actually searched, is 8700 Highway 478.

As a result of evidence obtained in the search, Defendant was indicted on charges of trafficking controlled substances, possession of a controlled substance, possession of marijuana, and use or possession of drug paraphernalia.

Defendant filed a motion to suppress the evidence obtained during the search. During the suppression hearing, the parties primarily focused on whether house numbers were posted on Defendant's residence and his mother's home at the time of the search. The State asserted it was unable to obtain Defendant's correct address

---

[1]It is unclear from the record whether there were two informants who each made a drug buy or one informant who made multiple drug buys.

4

because there were no numbers posted on Defendant's home. Defendant argued that house numbers were posted.

Officer Archuleta testified for the State about his personal knowledge of Defendant's home from observing drug purchases by the informant(s) at the home, the lack of a house number, and the fact that he obtained what was thought to be Defendant's house number from the driver's license database. The State also submitted a photograph showing Defendant's home without a house number.

In response, Defendant submitted three photographs of his home. The first two are photographs that show Defendant's residence, which is tan with brown trim and has windows on both sides of the front door, as described in the affidavit, but with a house number above the door. Defendant's third exhibit is an aerial photograph that shows the rooftops of Defendant's residence and nearby homes and buildings.

Defendant also called two witnesses, Defendant's mother and a Doña Ana County Planning Department employee, both of whom primarily testified regarding the house numbers.

The district court granted Defendant's motion to suppress, finding that:

1.  Officers of the Las Cruces/Doña Ana County Metro Narcotics Agency served a search warrant on . . . [D]efendant's residence at 8700 Highway 478 Vado, Doña Ana County, New Mexico on or about December 1, 2006.

5

2. The search warrant states that the address to be searched is "8628-B HWY 478 Vado".

3. There are several similar residences in the vicinity of . . . [D]efendant's residence.

4. The warrant did not identify the premises to be searched "in such a manner as to leave the officer executing the search warrant no doubt and no discretion regarding the premises to be searched." *State v. Stanley*, 2001-NMSC-037, [131 N.M. 368,] 37 P.3d 85.

## STANDARD OF REVIEW

Evidence suppression is reviewed as a mixed question of fact and law. *State v. Rowell*, 2008-NMSC-041, ¶ 8, 144 N.M. 371, 188 P.3d 95. This Court's review of the lower court's factual conclusions is not a reevaluation of the evidence. Instead, we review the evidence in the light most favorable to the prevailing party and ascertain whether the factual conclusions are supported by substantial evidence. *State v. Flores*, No. 30,465, slip op. ¶ 7 (N.M. Sup. Ct. May 26, 2009) (decision). "Substantial evidence is the measure of proof, or the quality and quantity of the evidence, required to support the findings of the trial court." *Id.* ¶ 12 (quoting *State v. Attaway*, 117 N.M. 141, 144, 870 P.2d 103, 106 (1994)). This Court indulges "all reasonable inferences in support of the [district] court's decision" and disregards "all inferences or evidence to the contrary." *State v. Duquette*, 2000-NMCA-006, ¶ 7, 128 N.M. 530, 994 P.2d 776 (filed 1999) (internal quotation marks and citation omitted).

The question on appeal is whether the inferences are supported, not whether another conclusion could be reached. *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856.

The next inquiry is a de novo review of whether the court correctly applied the law to the facts, which "ultimately turns on the question of reasonableness." *State v. Ryon*, 2005-NMSC-005, ¶ 11, 137 N.M. 174, 108 P.3d 1032.

**DISCUSSION**

The district court did not reach a finding regarding the conflicting arguments and testimony during the suppression hearing as to the presence or absence of house numbers and therefore we do not consider it dispositive in our decision. We consider two primary issues: first, whether the district court's finding of similar residences in the vicinity was supported by substantial evidence; and second, whether the warrant identified the premises to be searched so as to leave the executing officers no doubt and no discretion regarding the premises to be searched.

**I.      The District Court's Finding of Similar Residences in the Vicinity Was Not Supported by Substantial Evidence**

While we are required to view the evidence in the light most favorable to the prevailing party and resolve all inferences in favor of the district court's decision, there must be some evidence on which the district court could have based its decision. Here, however, no evidence was presented, conflicting or otherwise, from which the

district court could reasonably infer that there are similar residences in the vicinity. The only evidence that even remotely suggests this possibility is the aerial photograph, Defendant's Exhibit 3, which shows other homes and businesses in the area. However, there is no way to tell if these structures are similar to Defendant's because the photograph shows only the rooftops and surrounding terrain, whereas the warrant described the color and orientation of the home. It is impossible to conclude from looking at the aerial photograph that there are other tan houses in the vicinity with brown trim and windows on both sides of a west-facing front door. The mere fact that additional structures exist is not substantial evidence from which one can infer similarity. Additionally, the other photographs show only Defendant's residence and not neighboring homes. Therefore, the district court's finding that there are similar residences in the vicinity is not supported in the record by substantial evidence. Thus, this finding cannot be relied on in reviewing the reasonableness of the search.

Even though Defendant appears to concede that there is no evidence supporting the court's finding of similar residences in the vicinity, he argues it was the State's burden to show there were not similar residences in the vicinity. In support of this argument, Defendant asserts that the search was warrantless because the incorrect house number invalidated the warrant. *See, e.g.*, *State v. Zamora*, 2005-NMCA-039,

¶ 15, 137 N.M. 301, 110 P.3d 517 (explaining that the state has the burden of proof to justify a warrantless search).

However, we need not address which party has the burden of proof. As we explain below, under our case law, a case involving a mis-identified address in a search warrant is analyzed in terms of sufficiency of the warrant rather than as a warrantless search.

**II.     The Warrant Identified the Premises to Be Searched in Such a Manner as to Leave the Executing Officers No Doubt and No Discretion Regarding the Premises to Be Searched**

In *Stanley*, the New Mexico Supreme Court relied on *State v. Sero*, 82 N.M. 17, 21, 474 P.2d 503, 507 (Ct. App. 1970) in setting out the requirements for determining the sufficiency of a search warrant description. *Stanley*, 2001-NMSC-037, ¶ 36. The so-called *Sero* requirements are that "a search warrant description is sufficient if the officer can, with reasonable effort, ascertain and identify the place intended to be searched" and that "the description must identify the premises in such a manner as to leave the officer no doubt and no discretion regarding the premises to be searched." *Stanley*, 2001-NMSC-037, ¶ 36.

New Mexico courts have found the search warrant description sufficient, even though the warrant address contains a technical error, when additional identifying details are available in the warrant, affidavit, or the executing officer's personal

9

knowledge, such that the correct location can be determined.  In *Aragon*, the search warrant listed an incorrect street number and incorrect house color for the residence to be searched.  *State v. Aragon*, 89 N.M. 91, 93, 547 P.2d 574, 576 (Ct. App. 1976), *overruled on other grounds by State v. Rickerson*, 95 N.M. 666, 625 P.2d 1183 (1981).  Despite the errors, the Court held that the *Sero* requirements were met because the warrant contained additional specific details, including the color of the roof and the home's geographic location, that sufficiently identified the place to be searched.  *Aragon*, 89 N.M. at 93, 547 P.2d at 576.  Similarly, in *Stanley*, the *Sero* requirements were met even though the apartment number was incorrect, when an affidavit identified the apartment more specifically as where a person had been burned in a fire and thus the officers searched the correct location.  *Stanley*, 2001-NMSC-037, ¶ 36.

In another case, the hotel name on the warrant was incorrect, but the room number, 170, was correct.  *State v. Rotibi*, 117 N.M. 108, 113, 869 P.2d 296, 301 (Ct. App. 1994).  Importantly, the officers serving the warrant had correctly identified the defendant's room prior to getting the warrant and knew where to go.  *Id.* Additionally, the correct hotel was one of two hotels located on the same premises and managed by a single company.  *Id.*  The Court reasoned that the officers knew where to go, and even if they had not, anyone asking for room 170 would have been directed

by the common management to the correct hotel since only one of the hotels had a room numbered 170. *Id.* The Court thus held that the warrant description was sufficient to identify the place to be searched. *Id.*

Here, similar to the warrants in *Aragon* and *Stanley*, the house number in the warrant was incorrect, but the physical description accurately described Defendant's residence. Additionally, as in *Rotibi*, the executing officer, Officer Archuleta, knew where Defendant lived because he had observed an informant or informants purchasing controlled substances at the residence and had obtained the warrant based on those observations. Thus, the search was reasonable because the warrant description, along with Officer Archuleta's personal knowledge of Defendant's residence, left no doubt and no discretion regarding the premises to be searched.

In support of his argument, Defendant relies on several cases from other jurisdictions. However, these cases are either distinguishable or the jurisdiction takes a different approach than New Mexico in interpreting the sufficiency of the warrant description. For example, in *United States v. Williamson*, 1 F.3d 1134, 1135-36 (10th Cir. 1993), the search warrant described the location of the premises to be searched as "Star Route Box 302," which identified a mailbox rather than the physical address or description of the defendant's business, which was more than eight miles from the mailbox. *Id.* at 1136. The court reasoned that the executing officer cannot be the

11

"*sole* source of information identifying the physical location" of the premises to be searched, "[a]lthough an executing officer's knowledge may be a curing factor." *Id.*

In contrast to *Williamson*, in the present case there was a physical description of the premises to be searched. In addition, the knowledge of the executing officer was not the sole source of information concerning the location of the premises to be searched as it was in *Williamson*.

Additional out-of-state cases relied on by Defendant, *State v. Davis*, 809 P.2d 125, 129 (Or. Ct. App. 1991) (in banc) and *People v. Royse*, 477 P.2d 380, 381 (Colo. 1970) (en banc), are distinguishable because in those cases the courts rigidly interpreted technical errors in an address as being fatal. *Davis*, 809 P.2d at 129; *Royse*, 477 P.2d at 381. New Mexico courts, however, consider whether with reasonable effort the officer can identify the place to be searched. *Stanley*, 2001-NMSC-037, ¶¶ 35-36; *Rotibi*, 117 N.M. at 113, 869 P.2d at 301; *Aragon*, 89 N.M. at 93, 547 P.2d at 576. Due to the different approach taken in those jurisdictions, we are not persuaded by Defendant's out-of-state authority.

Because there was not sufficient evidence to support the district court's finding of similar homes in the area, this finding cannot be relied on in analyzing the reasonableness of the search. In the absence of this finding, and given that the warrant accurately described the residence to be searched and the executing officer, Officer

Archuleta, had personal knowledge of the correct search location, the *Sero* requirements were met and the search was reasonable.

**CONCLUSION**

For the foregoing reasons, we reverse the district court's order suppressing all evidence and remand for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**