This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                        **No. 33,802**

**NOE JOSE JIMENEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci Beyer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant Noe Jose Jimenez appeals from his conviction for aggravated fleeing a law enforcement officer contrary to NMSA 1978, Section 30-22-1.1 (2003). We issued a calendar notice proposing to summarily reverse and remand.  The State filed a response with this Court stating that it "concurs with this Court's proposed disposition" and would therefore not be filing a memorandum in opposition. Thereafter, Defendant filed a Motion for Clarification, asserting that the appropriate remedy is a new trial and asking this Court to make clear the remedy that it was proposing.  Having reviewed the State's and Defendant's submissions, we continue to rely on the rationale articulated in our calendar notice and set forth the appropriate remedy in this Opinion.

{2}     Our notice proposed to conclude, pursuant to *State v. Garcia*, 2011-NMSC-003, 149 N.M. 185, 246 P.3d 1057, that the district court erred in denying Defendant's motion to represent himself based on timeliness, and we therefore proposed to "remand to the district court to determine whether all *Faretta [v. California*, 422 U.S. 806, 832 (1975)], requirements have been satisfied and proceed accordingly."  [CN 3]  While Defendant is correct in asserting that the appropriate remedy, in typical circumstances, is to remand for a new trial, we disagree that it is the appropriate remedy under all circumstances. *See, e.g.*, *State v. Reyes*, 2005-NMCA-080, ¶¶ 22-23, 137 N.M. 727, 114 P.3d 407 (remanding for a new trial after determining that the

district court erred in ruling that the defendant was not competent to represent himself). The district court in this case did not engage in an analysis of whether Defendant knowingly and intelligently waived his right to counsel, *see Garcia*, 2011-NMSC-003, ¶ 25, because it ruled against Defendant based on a lack of timeliness. If it had, this Court could have reviewed whether the court ruled appropriately and could have either affirmed or reversed for a new trial. Since it based its ruling on timeliness, we have no insight into what the district court may have found had it conducted an analysis into whether Defendant knowingly and intelligently waived his right to counsel and whether the district court could have properly denied Defendant's motion on this basis. *See id.* ¶ 30 ("*Faretta* provide[s] three separate, independent bases for rejecting a clear and unequivocal pro se request: (1) timeliness; (2) the defendant's misconduct; or (3) the defendant's inability to waive the right to counsel knowingly and intelligently." (internal quotation marks and citation omitted)). Under these circumstances, we hold that the proper remedy is to remand to the district court to engage in an analysis as set forth in *Reyes*, 2005-NMCA-080, as to whether Defendant can knowingly and intelligently waive his right to counsel. If the district court concludes that Defendant knowingly and intelligently waived his right to counsel, the district court shall order a new trial at which Defendant may proceed pro se. *See id.* ¶ 23 (remanding for a new trial where the right to represent self was

3

violated); *State v. Rotibi*, 1994-NMCA-003, ¶ 2, 117 N.M. 108, 869 P.2d 296 (same). If however, the district court finds that Defendant did not or cannot knowingly and intelligently waive his right to counsel, then there was no error in denying Defendant's motion to represent himself and his conviction stands.

**{3}** For the reasons set forth in our notice and this Opinion, we reverse the district court's denial of Defendant's motion to proceed pro se based on a lack of timeliness and remand to the district court for further proceedings consistent with this Opinion.

**{4}** **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

4