This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39775

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAIME GUADALUPE MATA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals his conviction for burglary of a vehicle. This Court issued a notice of proposed disposition proposing to reverse Defendant's conviction for the district court's failure to engage Defendant in the proper colloquy required by *Faretta v. California*, 422 U.S. 806 (1975). The State has filed a memorandum in opposition to this disposition that we have duly considered. Unpersuaded, we reverse Defendant's conviction.

**{2}** "The constitutional right to counsel imposes a duty on the government to provide counsel; it does not impose a duty on the accused to accept counsel." *State v. Stallings*,

2020-NMSC-019, ¶ 41, 476 P.3d 905. "If a defendant does not want an attorney, he or she may refuse the assistance of counsel and defend the case pro se." *Id.*; *see also State v. Garcia*, 2011-NMSC-003, ¶ 24, 149 N.M. 185, 246 P.3d 1057 (explaining that the "right to assistance of counsel includes the corollary right to reject the imposition of counsel"). "Undeniably, trial outcomes for defendants who exercise the right to self-representation are generally less favorable than for defendants who are represented by counsel." *Stallings*, 2020-NMSC-019, ¶ 41. Nevertheless, "'personal liberties are not rooted in the law of averages,' and a defendant's choice to proceed pro se 'must be honored out of that respect for the individual, which is the lifeblood of the law.'" *Id.* (quoting *Faretta*, at 422 U.S. at 834).

{3}    "[T]he defendant who wishes to exercise the right of self-representation must (1) clearly and unequivocally assert his or her intention to proceed pro se, (2) make the assertion in a timely manner, and (3) knowingly and intelligently waive the right to counsel." *Stallings*, 2020-NMSC-019, ¶ 43. "Once a defendant makes a clear and unequivocal statement that can reasonably be understood to invoke the right to self-representation, the [district] court has a duty to inquire further into the defendant's waiver of the right to counsel." *Id.* ¶ 45; *see, e.g., State v. Vincent*, 2005-NMCA-064, ¶ 11, 137 N.M. 462, 112 P.3d 1119 ("Because [the d]efendant expressed a desire to represent himself, the district judge was required to determine if [the d]efendant was making a 'knowing and intelligent' waiver of his right to an attorney." (citation omitted)); *State v. Rotibi*, 1994-NMCA-003, ¶ 3, 117 N.M. 108, 869 P.2d 296 ("In a case where a defendant wishes to represent himself, the district court must determine if the defendant is making a knowing and intelligent waiver of counsel." (internal quotation marks and citation omitted)). "[W]hether a defendant made a valid knowing, intelligent, and voluntary waiver of his constitutional rights is a question of law which we review de novo." *State v. Reyes*, 2005-NMCA-080, ¶ 6, 137 N.M. 727, 114 P.3d 407 (internal quotation marks and citation omitted).

{4}    In opposing our summary disposition, the State first argues that Defendant was not entitled to self-representation because his requests were made as a delay tactic. [MIO 13] Supporting this contention, the State cites to *State v. Barela*, 2018-NMCA-067, 429 P.3d 961, where this Court concluded that the defendant's single request to represent himself made on the morning of trial after obtaining several continuances as a result of his many motions to obtain new counsel amounted to a delay tactic, and as a result, the district court did not err in denying the defendant's motion to represent himself as untimely. We find this case to be inapposite. As stated in the docketing statement, Defendant made four oral requests to represent himself, on February 4, 2019, January 6, 2020, March 9, 2021, and March 24, 2021. [DS 3] Defendant was ultimately brought to trial on March 29, 2021. [MIO 10] Accordingly, the district court was on notice far in advance of the ultimate trial date that Defendant wished to proceed as a self-represented litigant, unlike the situation in *Barela*. Moreover, while it is true that defense counsel sought many continuances in order to prepare for trial, there is no similar indication, as there was in *Barela*, that Defendant's own actions "[were] causing his case to be delayed." *Id.* ¶ 6.

**{5}**     Furthermore, in *Barela*, the district court, upon hearing the defendant's request to represent himself made on the morning of trial, did indeed make a brief inquiry about the defendant's desire and ability to represent himself prior to denying the defendant's motion. *Id.* ¶ 9. The district court in Defendant's case refused to make such an inquiry despite Defendant's repeated unequivocal requests for it to do so, instead directing Defendant to file a written motion. We are unaware of any authority conditioning Defendant's right to self-representation on the filing of a written motion, nor has the State pointed us to any such authority. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**{6}**     The State next argues that Defendant's request to proceed as a self-represented litigant was properly denied because he was not entitled to discharge his counsel for failure to assert a frivolous jurisdictional defense. [MIO 15] This argument is premised on the fact that Defendant attempted to assert a nonviable defense at the final pretrial conference. [MIO 8, 15] Nothing in this argument, however, addresses the fact that the district court was on notice that Defendant wished to represent himself far in advance of this conference, and the district court nonetheless failed to conduct the proper inquiry into Defendant's wishes. Accordingly, we are unpersuaded that Defendant's eventual attempt to raise a frivolous defense somehow renders all his previous attempts to effectuate his constitutional right to represent himself invalid. *See Vincent*, 2005-NMCA-064, ¶ 11 ("Because [the d]efendant expressed a desire to represent himself, the district judge was required to determine if [the d]efendant was making a 'knowing and intelligent' waiver of his right to an attorney." (citation omitted)).

**{7}**     Finally, the State contends that Defendant was not entitled to self-representation because he was disruptive, disobeyed the court, and did not understand the proceedings. The sole citation made by the State in support of its contention is to our New Mexico Supreme Court's nonprecedential decision in *State v. Stanley*, No. 28,579, dec. ¶ 19 (N.M. Feb. 11, 2009) (nonprecedential). In *Stanley*, the Supreme Court concluded that the defendant was unfit to represent himself when during trial, he "repeatedly misquoted the witness's direct testimony and improperly referred to purported facts that were not properly part of the record." *Id.* The Court concluded that this sort of behavior that directly impacted the trial process "underscored the unreadiness and ineligibility of [the d]efendant to represent himself" and noting that "[t]he right to [self-representation] is not a license to manipulate the court, introduce error, engage in dilatory tactics, or ignore either substantive law or rules of procedure." *Id.*

**{8}**     The conduct of Defendant in this case does not rise to the level described in *Stanley*. The State asserts that Defendant (1) interrupted the district court during the pretrial proceedings on multiple occasions, (2) attempted to assert an allegedly frivolous defense, and (3) indicated at one point during the proceedings that he did not understand what was going on. [MIO 16] While the first two actions are not commendable, they fall far short of the actions antithetical to the proper administration

of justice described in *Stanley*. And we see no basis for concluding that the third action establishes that D was incapable of understanding the proceedings as a whole.. Accordingly, we reject the State's contention that Defendant's behavior invalidated his numerous pretrial requests to proceed as a self-represented litigant. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate district court error).

**{9}** Accordingly, for the foregoing reasons, we reverse Defendant's conviction and remand to the district court for proceedings consistent with both this opinion and our notice of proposed disposition.

**{10} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**