This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40528**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON SHERIDAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, the answer brief, and the reply brief, we reverse for the following reasons.

**{2}**     Defendant appeals his convictions for possession of a controlled substance and resisting, evading or obstructing an officer. The sole issue raised on appeal is whether the district court violated Defendant's Sixth Amendment right to counsel by failing to adequately determine whether his decision to waive counsel and represent himself was knowing, intelligent, and voluntary. *See State v. Garcia*, 2011-NMSC-003, ¶ 24, 149 N.M. 185, 246 P.3d 1057 ("[T]he Sixth Amendment right to assistance of counsel includes the corollary right to reject the imposition of counsel in state criminal proceedings."); *State v. Barela*, 2018-NMCA-067, ¶ 12, 429 P.3d 961 ("Defendants have a constitutional right to self-representation.").

**{3}**     "If a defendant does not want an attorney, [they] may refuse the assistance of counsel and defend the case pro se." *State v. Stallings*, 2020-NMSC-019, ¶ 41, 476 P.3d 905. In *Garcia*, our Supreme Court set out three factors that must be satisfied before a defendant who wishes to exercise the right of self-representation can proceed pro se. The defendant must (1) "clearly and unequivocally assert [their] intention to represent [them]self"; (2) "make the assertion in a timely manner"; and (3) "knowingly and intelligently waive the right to counsel." *Id.* ¶ 43.

**{4}**     The first and second *Garcia* factors are not at issue in this case. Defendant clearly and unequivocally asserted his intention to represent himself at trial, and neither the district court nor the State expressed any concern with the timeliness of the assertion. Accordingly, we restrict our analysis to the third *Garcia* factor: whether Defendant's waiver of his right to counsel was knowing, intelligent, and voluntary. We review this issue de novo. *See State v. Vincent*, 2005-NMCA-064, ¶ 11, 137 N.M. 462, 112 P.3d 1119 ("We review de novo whether [a d]efendant's decision to waive counsel was knowingly, intelligently, and voluntarily made."); *see also State v. Reyes*, 2005-NMCA-080, ¶ 6, 137 N.M. 727, 114 P.3d 407 (same).

**{5}**     We first observe that there is a strong presumption against the waiver of the right to counsel. *See State v. Cruz*, 2021-NMSC-015, ¶ 35, 486 P.3d 1 ("While a defendant may waive the right to counsel, there is a strong presumption against waiver."); *see also Barela*, 2018-NMCA-067, ¶ 13 ("We indulge in every reasonable presumption against waiver[.]" (alteration, internal quotation marks, and citation omitted)). Before a criminal defendant will be permitted to waive counsel and proceed pro se, "the district court must determine if the defendant is making a 'knowing and intelligent' waiver of counsel and understands fully the dangers of self-representation." *Reyes*, 2005-NMCA-080, ¶ 7 (quoting *State v. Rotibi*, 1994 NMCA-003, ¶ 3, 117 N.M. 108, 869 P.2d 296); *see also Stallings*, 2020-NMSC-019, ¶ 43 ("The court must ensure that a prospective pro se defendant 'knows what [they are] doing and [the] choice is made with eyes open." (citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

**{6}**     To that end, courts are required to engage with defendants in what is termed a *Faretta* colloquy "that covers the full panoply of issues involved with self-representation," *Stallings*, 2020-NMSC-019, ¶ 52; *see also Faretta v. California*, 422 U.S. 806 (1975) (recognizing that criminal defendants have a right to self-representation in state courts). "A *Faretta* colloquy should include a full explanation 'of the nature of the

charges, the statutory offenses included within them, the range of allowable punishments, and possible defenses or mitigating factors that might be available to the defendant.'" *Stallings*, 2020-NMSC-019, ¶ 52 (quoting *State v. Castillo*, 1990-NMCA-043, ¶ 9, 110 N.M. 54, 791 P.2d 808)). Additionally, where defendants seek to represent themselves at trial, rather than merely enter a guilty plea without counsel, the district court is required to "take special care to advise the defendant as to the pitfalls of self-representation." *Castillo*, 1990-NMCA-043 ¶ 9. "If a district court fails to conduct a full *Faretta* colloquy covering those topics, reviewing courts generally will find that a defendant's waiver of counsel was not knowing and voluntary." *Stallings*, 2020-NMSC-019, ¶ 53.

**{7}**     With these principles in mind, we consider the record of the *Faretta* hearing conducted by the district court below. The record establishes that the district court informed Defendant that he faced both felony and misdemeanor charges, and it informed him of the maximum term of incarceration if he was found guilty of all offenses. The district court also informed Defendant that he would be expected to follow complex rules of evidence and courtroom procedure and would be held to the same standard as an attorney. Additionally, the district court inquired into Defendant's age, educational background, as well as his prior experience and familiarity with the legal system. *See Castillo*, 1990-NMCA-043 ¶ 9 ("The question of an intelligent waiver of the right to counsel turns not only on the state of the record but on the circumstances of the case, including the defendant's age and education, previous experience with criminal trials, and representation by counsel before trial."). Additionally, the charges Defendant faced had no lesser included statutory offenses. *See* NMSA 1978, § 30-31-23 (2011, amended 2021) (possession of a controlled substance); NMSA 1978, § 30-31-25.1 (2001, amended 2022) (possession of drug paraphernalia); NMSA 1978, § 30-22-1(A) (1981) (resisting, evading or obstructing an officer).

**{8}**     Defendant argues that the district court failed to properly advise him regarding the charges he faced because it did not affirmatively state the specific charges on the record, nor did it review the statutory elements of the offenses. Defendant also argues that the district court failed to discuss unspecified potential defenses with him. **[BIC 32]** The State counters that there is no authority suggesting that a defendant wishing to proceed pro se must be advised of possible defenses before a valid waiver of the right to counsel can occur. **[AB 9-13]**

**{9}**     However, we need not decide this issue. Because Defendant was seeking to represent himself at trial, the district court was also required to inquire into Defendant's understanding of the risks of self-representation and to advise Defendant particularly regarding the "the pitfalls of self-representation." *Castillo*, 1990-NMCA-043 ¶ 9; *see also Reyes*, 2005-NMCA-080, ¶ 8 (characterizing the court's role in establishing waiver of counsel as "the task of assessing the defendant's understanding of the requirements and risks of self[-]representation"). Specifically, the district court was required to advise Defendant "(1) that presenting a defense is not a simple matter of telling one's story, but requires adherence to various technical rules governing the conduct of a trial; (2) that a lawyer has substantial experience and training in trial procedure and that the

prosecution will be represented by an experienced attorney; (3) that a person unfamiliar with legal procedures may allow the prosecutor an advantage by failing to make objections to voir dire of jurors, and may make tactical decisions that produce unintended consequences; (4) that a defendant proceeding pro se will not be allowed to complain on appeal about the competency of his representation; and (5) that the effectiveness of his defense may well be diminished by his dual role as attorney and accused." *Castillo*, 1990-NMCA-043 ¶ 9 (internal quotation marks and citation omitted); *see also Stallings*, 2020-NMSC-019, ¶ 52.

**{10}** The district court did not discuss any of these matters with Defendant prior to finding that he knowingly and intelligently waived counsel, and the district court's admonition that Defendant would be expected to follow the rules of evidence and procedure was insufficient. *See Castillo*, 1990-NMCA-043 ¶ 12 (reversing where the "defendant was not advised of any of the hazards of self-representation . . . except that he would be expected to follow the rules of law and courtroom procedure"); *cf. State v. Plouse*, 2003-NMCA-048, ¶¶ 24-25, 133 N.M. 495, 64 P.3d 522 (finding a knowing and intelligent waiver of the right to counsel where the district court engaged in a lengthy and in-depth colloquy with the defendant regarding the hazards inherent in self-representation), *abrogated on other grounds by State v. Garza*, 2009-NMSC-038, ¶ 48, 146 N.M. 499, 212 P.3d 387; *see also Reyes*, 2005-NMCA-080, ¶ 18 (determining that the defendant validly waived his right to counsel where the record established that "[the d]efendant was clearly advised of the possible hazards and disadvantages of self-representation," and "[the d]efendant understood the ramifications of proceeding pro se").

**{11}** For these reasons, we agree with Defendant that the district court did not conduct a sufficient inquiry into whether his waiver of counsel was knowing and intelligent. We therefore reverse the district court and remand for a new trial.

**{12} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**