791 P.2d 808

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Mario CASTILLO, Defendant–Appellant.**

Nos. 11074, 11119.

Court of Appeals of New Mexico.

March 29, 1990.

Certiorari Denied May 8, 1990.

Hal Stratton, Atty. Gen., Patricia Gandert, Asst Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals from his convictions for trafficking cocaine and conspiracy to traffic cocaine. He raises three issues on appeal: (1) whether he made a knowing and voluntary waiver of counsel; (2) whether he was denied effective assistance of counsel because his attorney had a conflict of interest: and (3) whether there was sufficient evidence to support his convictions. Other issues listed in the docketing statement but not briefed are abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct. App.1985). We reverse and remand for a new trial.

## FACTS

On the morning of the second day of trial, defendant's court appointed trial attorney informed the trial court in chambers that defendant was dissatisfied with his trial attorney, mentioning that defendant had demanded that counsel attempt a further vigorous examination of Officer Hutton, the state's chief witness. Defendant indicated he was concerned that he had met with the trial attorney only four times, that the attorney had not sought a polygraph of Officer Hutton, and that jurors were asleep. Defendant did not request at any time that he be allowed to represent himself: rather, he requested that a new attorney be appointed to represent him. Defendant requested that he be given time "to take care of it myself." The trial court responded that it could not appoint another attorney for defendant. Defendant's request for a continuance was also denied. The trial court informed defendant that he would have to abide by the rules of law and courtroom procedure. After trial resumed, the trial court, without further inquiry of defendant concerning whether he in fact desired to proceed pro se, informed the jury that defendant had fired his public defender and would be representing himself. The trial court then instructed the trial attorney to remain at counsel table as standby counsel.

At this stage of the trial, the state had rested and defendant had presented the testimony of several witnesses. The trial court asked defendant the name of his next witness. After some discussion, during which the trial court implored defendant to use the services of his trial attorney, defendant said, "I'm not resting my case but for right now, you all do whatever you have to do. There are more witnesses [but] not at this time." The trial court concluded that defendant rested.

The state called a rebuttal witness, whom defendant cross-examined. Defendant asked to call Officer Hutton. The trial court stated that Officer Hutton had previously been released with the trial attorney's permission, thereby implicitly denying defendant's request to recall the witness. The state's proposed jury instructions were reviewed by standby counsel together with defendant, and defendant had no objections. After the case was submitted to the jury, it returned a verdict finding defendant guilty of each of the charges in the criminal information. New counsel was appointed to represent incident to this appeal.

## WAIVER OF COUNSEL

Defendant contends he neither voluntarily chose self-representation nor knowingly and intelligently waived his right to counsel. A defendant has a right to represent himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Fish;* N.M.Const. art. II, § 14 (Cum.Supp.1989). When a defen-

dant is given a clear choice between waiver of counsel and another course of action, such as retaining present counsel, the choice is voluntary as long as it is not constitutionally offensive. *United States v. Padilla,* 819 F.2d 952 (10th Cir.1987); *Maynard v. Meachum,* 545 F.2d 273 (1st Cir.1976). The trial court should make a formal inquiry into a defendant's reasons for dissatisfaction with present counsel when substitution of counsel is requested. *United States v. Padilla.* The trial court in the present case did not inquire regarding whether defendant's trial attorney was in fact prepared, but rather it noted that it knew the attorney and that it knew he was a good lawyer.

▮ The state argues that because no good cause existed for assignment of new counsel, the trial court's refusal to appoint new counsel did not render defendant's choice to represent himself involuntary. The court in *McKee v. Harris,* 649 F.2d 927 (2nd Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982), stated that "in order to warrant a substitution of counsel during trial, the defendant must show good cause, such as conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." 649 F.2d at 931 (quoting *United States v. Calabro,* 467 F.2d 973, 986 (2d Cir.1972)). "[W]here a defendant voices a 'seemingly substantial complaint about counsel,' the court should inquire into the reasons for dissatisfaction." *Id.* at 933. "While loss of trust is certainly a factor in assessing good cause, a defendant seeking substitution of assigned counsel must nevertheless afford the court with legitimate reasons for the lack of confidence." *Id.* at 932. Dissatisfaction with trial counsel's tactics or strategy is not sufficient grounds for replacement of counsel. *See* 2 W. LaFave & J. Israel, *supra,* § 11.4, at 37; *Sanchez v. Mondragon,* 858 F.2d 1462 (10th Cir.1988), *overruled on other grounds, United States v. Allen,* 895 F.2d 1577 (10th Cir. 1990); *United States v. Calabro,* 467 F.2d at 985; ABA Standards for Criminal Justice, The Defense Function, Standard 4–5.2 (the defendant has final authority with re-

spect to what plea to enter, whether to waive a jury trial, and whether to testify; all other strategic and tactical decisions are for the lawyer to make after consultation with the client).

▮ Trial counsel's decision as to whether to seek a polygraph examination of Officer Hutton and how to conduct the cross-examination of her were matters of strategy and tactics, so they cannot form the basis for defendant's claim that he should have received new counsel. Also, defendant's claim, which the trial judge stated was contrary to his observations, that jurors were sleeping, is not a matter that would require new counsel. All defendant had to do, which he had in fact done, was alert the court to the problem. On the other hand, the trial court did not inquire regarding trial counsel's preparation. Therefore, based on the record before us, it appears good cause may have existed for assignment of new counsel. Moreover, the cases relied on by the state are distinguishable from the present case. They involved situations where the defendant complaining about his waiver of counsel had either rejected several attorneys or had given clearly frivolous reasons for wanting a new attorney appointed. *See United States v. Moore,* 706 F.2d 538 (5th Cir.), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *McKee v. Harris.*

The state also argues that an unreasonable demand for dismissal of counsel and appointment of new counsel amounts to a knowing and voluntary waiver of counsel. *See United States v. Moore; see also United States v. Gipson,* 693 F.2d 109 (10th Cir.1982), *cert. denied,* 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983). We believe that a defendant who must "choose between incompetent or unprepared counsel and appearing pro se faces 'a dilemma of constitutional magnitude'." *United States v. Padilla,* 819 F.2d at 955 (quoting *Maynard v. Meachum,* 545 F.2d at 278). "The choice to proceed pro se cannot be voluntary in the constitutional sense when such a dilemma exists." *Sanchez v. Mondragon,* 858 F.2d at 1465. Because the court did not inquire into defense counsel's

preparation, the state has not met its burden of establishing that defendant's demand for new counsel was unreasonable.

■■■ In a case where a defendant wishes to represent himself, the trial court must determine if he is making a knowing and intelligent waiver of counsel and fully understands the dangers of self-representation. *State v. Chapman,* 104 N.M. 324, 721 P.2d 392 (1986); *State v. Lewis,* 104 N.M. 218, 719 P.2d 445 (Ct.App.1986). A showing on the record is required that a defendant who elects to conduct his own defense has some sense of the magnitude of the undertaking and the hazards inherent in self-representation. *United States v. Padilla.* This task initially falls on the trial court, which must bear in mind the strong presumption against waiver. *Id.* Assuming a defendant voluntarily chooses self-representation, the trial court must insure that defendant has been informed of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses or mitigating factors that might be available to the defendant, and it must also admonish him that he will be expected to follow the rules of evidence and courtroom procedure. *Sanchez v. Mondragon; see also Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). Because defendant here desires to represent himself at trial (rather than to simply plead guilty without a lawyer), the trial court should take special care to advise the defendant as to the pitfalls of self-representation. Appellate opinions have suggested that the defendant should be informed at least as to the following matters: (1) that "presenting a defense is not a simple matter of telling one's story," but requires adherence to various "technical rules" governing the conduct of a trial; (2) that a lawyer has substantial experience and training in trial procedure and that the prosecution will be represented by an experienced attorney; (3) that a person unfamiliar with legal procedures may allow the prosecutor an advantage by failing to make objections to voir dire of jurors, and may make tactical decisions that produce unintended consequences; (4) that a defendant proceeding pro se will not be allowed to complain on appeal about the competency of his representation; and (5) "that the effectiveness of his defense may well be diminished by his dual role as attorney and accused." [Footnotes omitted.] 2 W. LaFave & J. Israel, *Criminal Procedure* § 11.5, at 45 (1984). The question of an intelligent waiver of the right to counsel turns not only on the state of the record but on the circumstances of the case, including defendant's age and education, previous experience with criminal trials, and representation by counsel before trial. *United States v. Padilla; Maynard v. Meachum.* In the present case, defendant was not advised of any of the hazards of self-representation, as required by *Sanchez,* except that he would be expected to follow the rules of law and courtroom procedure.

The state analogizes this case to *Wilks v. Israel,* 627 F.2d 32 (7th Cir.1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981). In *Wilks,* the Seventh Circuit held the defendant to have waived his right to counsel when presented with a choice of continuing with appointed counsel or continuing without counsel. The defendant in *Wilks,* as here, was implored to accept the services of appointed counsel. We believe *Wilks* is distinguishable because the trial court there informed the defendant of the hazards of self-representation. Further, the defendant in *Wilks* offered no explanation for his dissatisfaction with counsel.

The state emphasizes the fact that defendant in this appeal was represented during most of the trial. The state also asserts that it is also likely that defendant was aware of some of the *Sanchez* factors due to the length of time he was represented by his trial attorney, both before and during trial, and his prior criminal history. Nonetheless, we will not speculate on this likelihood since the trial court failed to make any such inquiry on the record. *See United States v. Padilla; Maynard v. Meachum. See also State v. Lewis.* Besides, anything less than full representation by counsel raises a question concerning a valid waiver of the right to counsel. *Id.; see*

*also Wilks v. Israel* (defendant represented by counsel throughout first day of trial, then requested substitute counsel).

■ Nor do we attach any significance to the fact that defendant's trial attorney was appointed by the trial court as standby counsel. Although appointment of standby counsel is preferred, the presence of advisory counsel in the courtroom does not, by itself, relieve the trial court of its duty to ensure that defendant's waiver is made knowingly and intelligently. *United States v. Padilla.* Even when standby counsel is appointed, the trial court must ensure that defendant is aware of the hazards and disadvantages of self-representation. *Id.* The trial court in this case failed to so admonish defendant. We conclude that defendant did not make a knowing and intelligent waiver of counsel.

### EFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends he was denied effective assistance of counsel because his trial attorney had a conflict of interest in that he represented all three co-defendants without having discussed the conflict in representation with defendant. We need not reach this issue because our decision with respect to the waiver of counsel issue is dispositive of the appeal. Moreover, the facts relied on in support of defendant's contentions under this issue are not of record. *See State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct.App.1975) (matters outside the record present no issue for review).

### SUFFICIENCY OF THE EVIDENCE

■ Defendant challenges the sufficiency of the evidence to support his convictions. In determining whether the evidence supports a criminal charge or an essential element thereof, we must view the evidence in a light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict of conviction.

*State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). Where testimony is conflicting, such conflict raises questions of fact for the jury to decide. *Id.*

Officer Hutton of the Clovis Police Department testified regarding a drug transaction at the Mabry Drive Lounge. Officer Hutton testified that she asked Joe Rodriguez to obtain cocaine for her. Rodriguez spoke to defendant's brother, who in turn spoke to defendant. Defendant left at this point but later returned. Rodriguez and defendant then went into the bathroom together. First, defendant came out of the bathroom. Rodriguez then returned with cocaine and gave a packet of cocaine to Officer Hutton. Officer Hutton testified that no one had been in or out of the bathroom before defendant and Rodriguez went in. This testimony constituted circumstantial evidence from which the jury could reasonably infer that Rodriguez obtained the cocaine from defendant. *See State v. Chouinard,* 96 N.M. 658, 634 P.2d 680 (1981), *cert. denied,* 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed.2d 447 (1982). Insofar as Rodriguez and defendant's brother testified that defendant was not involved in the transaction, such testimony merely created a conflict in the evidence for the jury to resolve. *State v. Lankford.* Therefore, we find sufficient evidence to support defendant's convictions.

For the above-stated reasons we reverse and remand for a new trial.

IT IS SO ORDERED.

DONNELLY, and HARTZ, JJ., concur.