This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                              **NO. 32,599**

**ANSELMO ROMAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. Schwartz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Santa Fe, NM

John A. McCall
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant Anselmo Roman appeals from his conviction for trafficking a controlled substance. [DS 3, RP 60, 66] He contends the district court violated his right to counsel by granting his request to proceed pro se without adequately questioning him regarding his ability to represent himself. [DS 10-11] We issued a calendar notice proposing to summarily reverse, and the State has filed a memorandum in opposition. We continue to believe the district court erred and thus reverse Defendant's conviction and remand for further proceedings.

**BACKGROUND**

{2}     On November 15, 2010, Defendant was charged by indictment with three counts: (1) trafficking by distribution, cocaine; (2) tampering with evidence; and (3) resisting, evading or obstructing an officer. [RP 1] Defendant's attorney filed an entry of appearance on Defendant's behalf and then engaged in lengthy plea negotiations relating to this case and a case pending before Judge Martinez.[1] [MIO 1] The district court held a plea hearing in this case on August 10, 2011, and Defendant's attorney stated the negotiations had failed and Defendant was proceeding to trial on both cases. [MIO 1-2] Defendant told the court that he did not want his

_____

[1]In discussing the background of this case, we rely principally on the statement of facts set forth in the State's memorandum in opposition. The State notes that it obtained unofficial copies of the transcripts of two pre-trial hearings in preparing its memorandum. [MIO 1, n.1, 5]

attorney to continue representing him. [MIO 2] The court informed Defendant that he had a right to an attorney, but explained that the right does not include a right to an attorney of Defendant's choosing. [MIO 2] Defendant stated he did not believe his attorney was aiding in his defense and wanted either a different attorney or to represent himself. [MIO 2] The court asked Defendant's attorney to respond, and Defendant's attorney informed the court that in the other case, Judge Martinez had ordered him to continue representing Defendant. [MIO 2] Defendant's attorney explained the work he had been doing on the case. [MIO 2]

{3} The district court advised Defendant that if another attorney was appointed, it would delay the proceedings by as much as a year. [MIO 3] The court stated, "I do not believe that you should be forced to be represented by someone you don't wish to be represented by. You're entitled to represent yourself; however, I will hold you to the very same standards that I would hold any attorney to." [MIO 3] The court asked Defendant's attorney whether it would be fruitless for he and Defendant to work out their differences, and Defendant's attorney stated that he felt it would. [MIO 3] The court then announced that it would continue the proceeding and allow Defendant to represent himself, if he wished. [MIO 3] The court again stated it would hold Defendant to the same standards as an attorney and gave Defendant one week to consider his decision. [MIO 4]

3

{4} On November 15, 2011, the district court held a status conference. [MIO 4] Defendant's attorney appeared for the hearing and reminded the court that it had granted Defendant's request to proceed pro se. [MIO 4] The court confirmed with Defendant that he still wanted to represent himself. [MIO 4] The court stated, "You will be allowed to represent yourself, but as I told you earlier, you will be held to the same standard as an attorney[.]" [MIO 4] The court asked Defendant whether he understood that he would not receive special treatment, and he answered in the affirmative. [MIO 4] The court then appointed Defendant's attorney to act as stand-by counsel at trial. [MIO 4] The court asked Defendant's attorney whether he and Defendant had communicated about the case and he stated, "We've talked about the case, I've provided him with discovery in this case." [MIO 4-5] The court then set a date for trial. [MIO 5]

{5} A jury trial began on March 2, 2012. [RP 58] During voir dire, Defendant, proceeding pro se, informed the jury panel that he had been incarcerated for eighteen months and that he had been beaten by police officers and was a victim. [DS 10] Defendant's stand-by counsel entered an appearance on Defendant's behalf at that time and moved for a mistrial, which the district court denied. [DS 10, 12] Defendant's stand-by counsel represented Defendant through the rest of trial. [DS 10, RP 72, 88] The jury found Defendant guilty of trafficking and not guilty of resisting, evading or obstructing an officer. [RP 40, 41, 58]

4

# DISCUSSION

**{6}** Defendant contends the district court erred in granting his request to proceed pro se without holding an evidentiary hearing or adequately reviewing his ability to represent himself. [DS 2] Defendant states that the district court did not make "any findings of significance" and did not engage in a "significant review of [Defendant's] abilities." [DS 2]

**{7}** Where a defendant seeks to represent himself, "the district court must conduct an inquiry into whether the defendant is making a knowing and intelligent waiver of counsel and understands fully the dangers of self-representation." *State v. Plouse*, 2003-NMCA-048, ¶ 22, 133 N.M. 495, 64 P.3d 522 (internal quotation marks and citation omitted). In *Plouse*, we explained that "[a]lthough there are no fixed guidelines to determine whether a defendant has knowingly and intelligently waived the right to counsel, we have established certain instructions for the district court." 2003-NMCA-048, ¶ 23 (internal quotation marks and citation omitted).

> [T]he district court is to (1) make a showing on the record that a defendant has some sense of the magnitude of the undertaking and the hazards inherent in self-representation; (2) ensure that [the] defendant has been informed of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses or mitigating factors that might be available to the defendant; and (3) admonish the defendant that pro se defendants will be expected to follow the rules of evidence and courtroom procedure.

5

*Id.* (alterations, internal quotation marks, and citation omitted). "We review de novo whether Defendant's decision to waive counsel was knowingly, intelligently, and voluntarily made." *State v. Vincent*, 2005-NMCA-064, ¶ 11, 137 N.M. 462, 112 P.3d 1119.

{8} As a preliminary matter, we note that even though Defendant was represented by counsel during the majority of his trial, "anything less than full representation by counsel raises a question concerning a valid waiver of the right to counsel." *State v. Castillo*, 110 N.M. 54, 57, 791 P.2d 808, 811 (Ct. App. 1990). We held in *Castillo* that "[a]lthough appointment of standby counsel is preferred, the presence of advisory counsel in the courtroom does not, by itself, relieve the trial court of its duty to ensure that defendant's waiver is made knowingly and intelligently." *Id.* at 58, 791 P.2d at 812.

{9} The State contends the district court "substantially complied" with the requirements set forth in our case law because Defendant's attorney "confirmed that Defendant was knowledgeable of the charges and the evidence, as he had been provided with the discovery and had spoken with counsel about the case prior to trial." [MIO 6, 7] The State also contends that, because the record establishes that Defendant was present for his arraignment, where he was represented by counsel and entered a plea of not guilty, "the trial court could reasonably conclude that Defendant was aware

6

of the nature of the charges, the evidence against him, and possible defenses prior to the time he chose to represent himself." [MIO 7]

{10} The State relies on *Plouse* to support its position, but *Plouse* is distinguishable. In *Plouse*, we rejected the defendant's argument that the district court violated his right to counsel by failing to adequately determine whether his decision to represent himself was made voluntarily, knowingly, and intelligently. 2003-NMCA-048, ¶¶ 21, 23, 26. The district court engaged in a lengthy colloquy with the defendant regarding the dangers of self-representation. *Id.* ¶¶ 24-25. We specifically noted "the depth of the discourse between [the d]efendant and the district court[.]" *Id.* ¶ 25. We also noted the defendant "had counsel present in court for his arraignment and thereafter had counsel during virtually all of the pretrial proceedings." *Id.* ¶ 28. We explained that documents filed in the case, including a pro se motion to dismiss, reflected that the defendant understood the nature of the proceedings. *Id.* The defendant was initially represented by counsel at trial and heard discussion between the court and counsel regarding his duress defense. *Id.* In explaining why he wanted to proceed pro se, the defendant discussed the nature of his defense and the evidence he wanted to present. *Id.* ¶ 29. On these facts, we held the district court did not err but noted our holding was limited. *Id.* ¶ 30. We explained:

> While we do not suggest that the district court should, under any circumstances, simply assume a defendant's knowledge or understanding or refrain from discussing on the record the underlying circumstances

indicating that the defendant knows and understands the material information, we are comfortable that the court in the present case ensured [the d]efendant was adequately informed and that the court substantially complied with the spirit, if not the letter, of *Castillo*.

*Id.*

{11} Here, the district court complied with neither the letter nor the spirit of *Castillo*. The district court advised Defendant that he would be held to the same standard as an attorney but did not make a showing on the record that Defendant "[had] been informed of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses or mitigating factors that might be available to the defendant[.]" *Castillo*, 110 N.M. at 57, 791 P.2d at 811.

{12} After granting Defendant's request to proceed pro se, the district court asked Defendant's attorney whether he and Defendant had communicated about the case, and Defendant's attorney stated he had discussed the case with Defendant and provided discovery to Defendant. [MIO 4-5] The court never questioned Defendant directly about his understanding, which is clearly the preferred course of action, and we are not willing to infer from the very limited pre-trial proceedings that Defendant had the requisite understanding. Unlike in *Plouse*, Defendant never engaged in a deep discourse with the court and never revealed his trial strategy, to the extent that he had one. *See Plouse*, 2003-NMCA-048, ¶¶ 25, 28. The mere fact that Defendant was present at his arraignment, where he was represented by counsel, does not mean that

he understood the charges, statutory offenses, range of punishments, and possible defenses and mitigating factors. We thus agree with Defendant that the district court did not conduct the necessary inquiry into whether his waiver of counsel was knowing and intelligent and whether he fully understood the dangers of self-representation.

**CONCLUSION**

{13}   For the reasons stated above and in our previous notice, we reverse Defendant's conviction and remand for further proceedings consistent herewith.

{14}   **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**MICHAEL E. VIGIL, Judge**