This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. A-1-CA-36099**

**MANUEL ORTEGA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Matthew J. Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant Manuel Ortega appeals from the judgment and sentence convicting him for second degree murder and tampering with evidence. [RP 128] This Court's calendar notice proposed to affirm. [CN 1] Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm.

{2}     Defendant continues to argue that the district court failed to act on his motion to substitute counsel due to his trial counsel's failure to communicate with him. [MIO 8] This Court's calendar notice proposed to conclude that Defendant did not assert a "seemingly substantial complaint about counsel" to warrant further inquiry by the district court, particularly where, aside from a written pro se motion, the issue was not raised until after sentencing. [CN 3] *State v. Castillo*, 1990-NMCA-043, ¶ 5, 110 N.M. 54, 791 P.2d 808 (internal quotation marks and citation omitted). Defendant contends that he asserted the exact basis—a complete breakdown in communication with counsel—that would constitute good cause to dismiss counsel. [MIO 8] He argues that the correct application of the law required the district court to make an inquiry into Defendant's allegations, which would have amounted to good cause to dismiss counsel, if true. [Id.] Defendant asserts that the district court's failure to conduct that inquiry is, in itself, an abuse of discretion. [Id.] We disagree.

**{3}** Defendant's pro se motion to substitute counsel, filed on October 19, 2012, was not raised at the March 18, 2013 pretrial status conference, or at the April 10, 2013 trial, and was not raised again until after sentencing. [Unpaginated DS 5] The local rule contemplates a motion and hearing. *See* LR3-108(B)(4)(a) NMRA ("[T]he court shall approve the withdrawal of counsel only. . . for good cause shown upon motion *and* hearing[.]" (emphasis added)). Defendant's motion was unaccompanied by a motion for hearing and no request for hearing appears in the record. [RP 47-48] Thus, we determine that the district court properly applied the local rule governing circumstances under which withdrawal of counsel is permitted. *See* LR3-108(B). We cannot conclude there was a clear abuse of discretion under these facts. *See State v. Ferry*, 2018-NMSC-004, ¶ 2, 409 P.3d 918 ("If proper legal principles correctly applied may lead to multiple correct outcomes, deference is given to the district court judge because if reasonable minds can differ regarding the outcome, the district court judge should be affirmed.").

**{4}** Moreover, not only must Defendant show good cause, he must also show that such cause "[led] to an apparently unjust verdict." *Castillo*, 1990-NMCA-043, ¶ 6 (internal quotation marks and citation omitted). The docketing statement and memorandum in opposition present the abundance of evidence introduced against Defendant at trial. Defendant points to nothing indicating that the asserted lack of

communication with trial counsel led to an unjust verdict. Accordingly, we conclude that Defendant has not met his burden of demonstrating reversible error on appeal. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that the party claiming error bears the burden on appeal of showing such error by the trial court); *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

{5}     Defendant's memorandum in opposition does not respond to this Court's proposed disposition of Issues 2 and 3. Where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

{6}     For these reasons, and those stated in the calendar notice, we affirm.

{7}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

**DANIEL J. GALLEGOS, Judge**