**UNITED STATES of America, Plaintiff–Appellant,**

v.

**John S. WILLIAMSON, Defendant–Appellee.**

No. 92–2139.

United States Court of Appeals, Tenth Circuit.

Aug. 11, 1993.

---

Cynthia A. Young (Don J. Svet, U.S. Atty., District of N.M.; and Paula G. Burnett, Asst. U.S. Atty., D. of N.M., with her on the

briefs), Atty., Dept. of Justice, Washington, DC, for plaintiff-appellant.

Peter Schoenburg, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellee.

Before LOGAN, TACHA, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

The government appeals a district court order granting the defendant's motion to suppress evidence seized pursuant to an insufficiently particular search warrant. We exercise jurisdiction under 18 U.S.C. § 3741 and affirm.

This case arises out of an Internal Revenue Service ("IRS") investigation of Mr. Williamson. In an effort to seize assets in satisfaction of an outstanding tax assessment of John S. Williamson, d/b/a Williamson Waterworks, IRS Officer Richard Rose applied for a warrant "to enter the business premises located at Star Route Box 302, Tijeras, New Mexico." Officer Rose described the premises in his affidavit as consisting of "a three (3) acre (approximately) fenced lot and a butler building used as an office and a warehouse." The magistrate issued a warrant which authorized the IRS "to enter the premises located at Star Route Box 302, Tijeras, New Mexico." Officers of the IRS, including Officer Rose, executed the warrant and took photographs that the district court later suppressed as illegally seized evidence.

On appeal, we consider evidence addressed at a suppression hearing in the light most favorable to the prevailing party. *United States v. Johnson,* 895 F.2d 693, 697–98 (10th Cir.1990). We review the trial court's findings of fact for clear error, *United States v. Palomino,* 877 F.2d 835, 837 (10th Cir.1989), and review questions of law, including the determination whether the warrant at issue is sufficiently particular, de novo, *see United States v. Leary,* 846 F.2d 592, 600 (10th Cir.1988).

To pass muster under the Fourth Amendment, "[t]he warrant must describe the place to be searched with sufficient particularity so that the executing officer can

locate and identify it with reasonable effort. The requisite specificity of the description differs for rural and urban areas and depends heavily on the facts of each case." *United States v. Dorrough,* 927 F.2d 498, 500 (10th Cir.1991). "[P]ractical accuracy rather than technical precision controls the determination of whether a search warrant adequately describes the premises to be searched." *Id.*

�no We conclude that the warrant at issue did not describe the premises to be searched with sufficient particularity because it cannot be described as even "practically accurate."[1] Williamson Waterworks, the target of the investigation, is located at 1277 Old Highway 66 in Tijeras.[2] The address is marked both on the front of the office and warehouse building and on both sides of a mailbox on the other side of the street. In contrast, Star Route Box 302 identifies a rural mail box located about one mile east and eight miles south of Williamson Waterworks on New Mexico Highway 217. The mail box sits at the end of a dirt road leading to Mr. Williamson's residence, located at 23 Dina Road.

The warrant's sole description of the premises is "the premises located at Star Route Box 302, Tijeras, New Mexico." As Officer Rose admitted, a business's mail box number indicates nothing about the physical location of the business premises. This case is thus similar to *United States v. Votteller,* 544 F.2d 1355 (6th Cir.1976), in which the Sixth Circuit held that "the number of the telephones alleged to be installed in the premises to be searched ... was [no] aid to the required particularity of the description." *Id.* at 1363.

▬ We also reject the government's contention that the executing officer's knowledge cured this manifestly defective warrant. Although an executing officer's knowledge

may be a curing factor, *see United States v. Sturmoski,* 971 F.2d 452, 458 (10th Cir.1992), the officer's knowledge in this case was the *sole* source of information identifying the physical location of the business premises. In effect, then, the government asks us to adopt a rule that an executing officer's knowledge *alone* is sufficient to satisfy the Fourth Amendment's particularity requirement. Because such a rule would be fundamentally inconsistent with the requirement of a *written warrant,* we conclude that the search warrant at issue was invalid.

▬ Finally, we agree with the district court that the government is not entitled to the "good faith" exception to the exclusionary rule established in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Supreme Court has made clear that "a warrant may be so facially deficient— *i.e.,* in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* at 923, 104 S.Ct. at 3421. This is precisely such a case: no reasonable officer could have concluded that this warrant—which provides no meaningful description of the premises—was valid. We therefore **AFFIRM** the district court's order granting the defendant's motion to suppress.

---

**1.** We do not consider the contents of the warrant application or its accompanying affidavit because such documents can cure a defective warrant only when *both* of two requirements are met: " 'first, the affidavit and search warrant must be physically connected so that they constitute one document; and second, the search warrant must expressly refer to the affidavit and incorporate it by reference using suitable words of reference.' " *Leary,* 846 F.2d at 603 (quoting 2 Wayne R.

LaFave, Search and Seizure § 4.6(a), at 241 (2d ed. 1987)). We find no evidence in the record that either the affidavit or the warrant application were attached to the search warrant at the time of execution.

**2.** Williamson Waterworks applied for and acquired this rural property address in 1986.