HOLLOWAY, Senior Circuit Judge,
dissenting in part:
The Fourth Amendment mandates, inter alia, that no search warrant shall issue, “but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” Here the Majority Opinion concludes that the warrant issued was valid under the Fourth Amendment even though it had an admittedly erroneous address of the home to be searched, and the warrant gave no other particulars describing the property. Because I cannot agree with this disregard of the commands of the Constitution, I must respectfully dissent from Part B of the Majority Opinion addressing the search warrant and from the reliance on the United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), exception.
*1296 I
The search warrant relied on here indicated only an address of “2021 Camelot Way” with no other supporting description. The house that was actually searched was described as “2051 Camelot Way.” The search warrant here contained no description whatever of the place to be searched other than the wrong street number, “2021 Camelot Way.” Reliance on such a warrant with these deficiencies cannot be justified under our precedents. We have held that:
To pass muster under the Fourth Amendment, “[t]he warrant must describe the place to be searched with sufficient particularity so that the executing officer can locate and identify it with reasonable effort. The requisite specificity of the description differs for rural and urban areas and depends heavily on the facts of each case.” United States v. Dorrough, 927 F.2d 498, 500 (10th Cir.1991). “[P]ractical accuracy rather than technical precision controls the determination of whether a search warrant adequately describes the premises to be searched.” Id.
United States v. Williamson, 1 F.3d 1134, 1135-36 (10th Cir.1993).
I would conclude here, as we did in Williamson, that “the warrant at issue did not describe the premises to be searched with sufficient particularity because it cannot be described as even ‘practically accurate.’ ” 1 F.3d at 1136. The Majority Opinion concedes that the issue of particularity in the designation of the place to be searched is “a closer issue” in light of Williamson. The Majority Opinion attempts to escape the Williamson holding by saying “this is not a case in which an executing officer is the sole source of information about the location of the premises to be searched.”
Here, as in Williamson, the critical point is that the warrant’s only attempt to describe the property with the required particularity was defective. The Majority Opinion blurs the line between the probable cause requirement and the mandate that the warrant describe with particularity the place to be searched. After concluding, properly, that a controlled delivery satisfies the probable cause requirement, the Majority Opinion states that consequently, “the warrant is valid despite the lack of a physical description of the premises.” Majority Opinion at 1292-93.
But the Fourth Amendment requires both probable cause and a particular description of the place to be searched. The Majority Opinion offers no authority for its bold assumption that satisfaction of the probable cause requirement obviates the requirement of a particular description of the premises to be searched. The Majority Opinion confesses that the error in the description here is “a closer issue” in fight of Williamson, as noted. I am concerned that the Majority Opinion’s unsupported statement that satisfaction of the probable cause requirement renders the warrant “valid despite the lack of a physical description,” Majority Opinion at 1293, will cause confusion and disarray in our Fourth Amendment precedents. The difficulty is compounded when the Majority Opinion relies again on the presence of probable cause to shore up the absence of any description of the property to be searched in its Leon analysis. Majority Opinion at 1295.
I would hold that Williamson requires us to reverse the denial of the motion to suppress here. In that case, there was no question that the officers had probable cause and that the officers knew what premises were the target of the search. But, as in Williamson, the government here “asks us to adopt a rule that an *1297 executing officer’s [or informant’s] knowledge alone is sufficient to satisfy the Fourth Amendment’s particularity requirement.” 1 F.3d at 1136 (emphasis in original). In Williamson we rejected the government’s argument because “such a rule would be fundamentally inconsistent with the requirement of a written warrant .... ” Id. (emphasis in original). This is exactly why we should reject the government’s similar argument here. While the instant case is said to involve an anticipatory or conditional warrant,[1] the Majority Opinion fails to explain how an anticipatory or conditional warrant negates the express particularity requirement of the Fourth Amendment.
A number of precedents are reported in which search warrants have been held valid in spite of errors or ambiguities in the descriptions of the places to be searched,[2] as well as a good number of cases in which the defects have been held fatal.[3] This Majority Opinion’s holding appears to be an extremely significant departure from our previous precedents because it simply cannot be denied that the Majority Opinion’s holding dispenses with any requirement that an anticipatory search warrant contain a description of the premises to be searched. The Majority Opinion cites no authority directly supporting this important holding, and I find scant authority to that effect. See State v. Morris, 668 P.2d, 857 (Alaska Ct.App.1983). Morris did uphold a search under an anticipatory warrant that did not specify with particularity the place to be searched for the package of drugs. Id. at 862. There is, however, no persuasive analysis in Morris which supports a far reaching holding like that of the Majority Opinion here that an anticipatory warrant need not contain a description of the premises to be searched. As in United States v. Rowland, 145 F.3d 1194, 1201 (10th Cir.1998), the issuance of an anticipatory warrant may be upheld where the magistrate determines, based on the information presented in the warrant application, “that there is probable cause to believe the items to be seized will be at the designated place when the search is to take place.” (emphasis added) (citing United States v. Garcia, 882 F.2d 699, 702 (2nd Cir.1989)).
The Majority Opinion fails to explain the reasoning for its remarkable holding dispensing with any requirement that an anticipatory search warrant contain an accurate designation of an address of the premises to be searched or any description of the premises. Aside from the already noted conflation of the separate and critical probable cause and particularity requirements, the Majority Opinion offers very little. The Majority Opinion says that a “technically wrong address ... does not invalidate a warrant if it otherwise describes the premises with sufficient particularity so that the police can ascertain *1298 and identify the place to be searched.” Majority Opinion at 1294. This statement reveals further why the warrant cannot be valid here: The warrant here fails again. It does not “otherwise describe the premises” in any manner whatsoever, much less with “sufficient particularity.” I must object to the implication that this principle supports the result in this case, when it manifestly compels the opposite result.
II
Nor can I join the Majority Opinion’s alternative holding that the denial of the suppression motion can be affirmed under the good faith rationale of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We are not to weigh the officers’ subjective good faith. Instead, we are instructed that the “officers’s reliance ... on the technical sufficiency of the warrant ... must be objectively reasonable .... ” Leon, 468 U.S. at 922, 104 S.Ct. 3405. I reject the notion that the officers could reasonably rely on a search warrant that failed to properly identify the home that the officers entered and searched. The majority concludes that the warrant was not so lacking in probable cause that the executing officer should have known that the search was illegal. But patently the warrant was totally lacking in probable cause to search the home at 2051 Camelot Way, which was not mentioned in the warrant or the affidavit. Once again, the majority conflates the probable cause requirement and the particularity requirement without any convincing explanation.
III
For these reasons I must respectfully dissent from Part B of the Majority Opinion.

.At all stages, it seems, all parties have assumed that the warrant is a conditional one. As the majority notes, we have held that such warrants may satisfy the probable cause requirement "provided the warrant’s execution is conditioned on the contraband’s delivery to, or receipt at, the designated place.” Slip op. at 1292 (quoting United States v. Rowland, 145 F.3d 1194, 1202 (10th Cir.1998)). Here, of course, the place was not properly designated, as discussed throughout this dissent. Of additional concern, however, is the fact that no language can be found in the warrant conditioning its execution on the delivery of the contraband.

. See, e.g., United States v. Occhipinti, 998 F.2d 791, 799 (10th Cir.1993); United States v. Owens, 848 F.2d 462 (4th Cir.1988); United States v. Hutchings, 127 F.3d 1255, 1259-60 (10th Cir.1997).

. See, e.g., United States v. Williamson, 1 F.3d 1134 (10th Cir.1993); United States v. Dahlman, 13 F.3d 1391, 1394-96 (10th Cir.1993); United States v. Ellis, 971 F.2d 701, 703-04 (11th Cir.1992); Shedd v. State, 358 So.2d 1117 (Fla.Dist.Ct.App.1978).