FILED
United States Court of Appeals
Tenth Circuit

May 26, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT CHAD NOLAN,

    Defendant - Appellant.

No. 20-1021
(D.C. No. 1:18-CR-00297-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Robert Chad Nolan appeals his convictions for several drug-related crimes and

possession of a firearm during and in furtherance of a drug trafficking offense.

Specifically, he appeals the district court's order denying his motion to suppress

evidence seized during a search of his home. In support, he argues the search

warrant for his home fails the particularity requirement because the warrant was

facially deficient. He relies on the fact that the exhibit which listed the items to be

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

seized was no longer physically attached to the warrant at the time it was executed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

Detective Haley of the La Junta Police Department prepared the application for a search warrant for Nolan's residence. The application included Exhibit A which was Detective Haley's affidavit in support of the warrant application, and Exhibit B which listed the items to be searched for and seized.[1] Both exhibits were submitted to the issuing judge as part of the "warrant packet." R., Vol. IV at 12. Both exhibits were thus "physically with the Search Warrant" when presented to the judge. *Id.* at 15.

Before executing the warrant, Detective Haley briefed the other officers about the scope of the search. He testified at the suppression hearing that he showed them

---

[1] Exhibit B listed the following categories of items to be searched for:

> Substances that can be identified as a controlled substance listed as a Schedule I – IV in the Colorado Revised Statutes.

> Items associated with the preparation, consumption and distribution of known controlled substances.

> Documentation that relates to the ownership and/or prescriptions for any located substance.

> United States currency, recording and monitoring devices (including cell phone devices) used in the facilitation of drug transactions, any weapons used or maintained for the protection of said unlawful enterprise together with any storage devices, computers, books, records, receipts, bank statements, utility

the warrant packet, including Exhibit B, "so they [would] understand the totality of the case and . . . specifically what [they] were to be searching for." *Id.* at 13; *see also id.* at 20 (testifying that the purpose of the briefing was to give the officers an "opportunity to review" Exhibit B and to provide "guidance about exactly what the scope of the search include[d]").

Detective Haley left the original warrant packet at the station and took a complete copy with him to Nolan's residence to execute the search. Before arriving at the house, Detective Haley and another officer encountered Nolan in his vehicle. Nolan asked to see the warrant. Detective Haley retrieved the first page of the warrant from his patrol car and showed it to Nolan, but he left the rest of the warrant packet, including Exhibit B, in the car, which was parked in front of Nolan's residence while officers executed the search. The officers did not have a physical copy of Exhibit B with them inside the house, but did have the warrant itself.

Nolan conceded that the warrant was sufficiently particular under the Fourth Amendment when it was issued because Exhibit B was part of the warrant packet Detective Haley submitted to the judge, and he did not claim it was "invalid because it was insufficiently particular when it was produced to him" by Detective Haley.

---

bills, records evidencing the acquisition, concealment, transfer and sale of drugs and narcotics.

Passwords, password files, test keys, encryption codes or other information necessary to access the digital device or data stored on the digital device.

Supp. R. at 36.

Supp. R. at 78.  He also conceded that "if the supporting documents were physically attached to the warrant at the time of the execution of the search, and they were inside a police car parked in front of the house, then . . . a valid warrant was sufficiently present." *Id.* at 75; *see also id.* at 77.  But he maintained that because Exhibit B was not physically attached to the warrant when it was executed, the warrant no longer met the particularity requirement.  He acknowledged that his argument was "technical[]."  R., Vol. IV at 28.  The district court rejected Nolan's argument, concluding that the warrant met the particularity requirement when it was issued and that it "wouldn't make any sense" to conclude that it was no longer sufficiently particular upon execution just because the warrant order was in the house and Exhibit B was in the patrol car, *id.* at 81.

## Discussion

### 1. Legal Standards

When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government, uphold the district court's factual findings unless clearly erroneous, and review its legal determinations, including whether the warrant at issue is sufficiently particular, de novo.  *United States v. Williamson*, 1 F.3d 1134, 1135 (10th Cir. 1993).

The Fourth Amendment states unambiguously that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV; *Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (emphasis omitted).

4

"A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988) (internal quotation marks omitted). The Fourth Amendment "requires particularity in the warrant, not in the supporting documents," but a warrant may "cross-referenc[e] other documents," *Groh*, 540 U.S. at 557, and the particularity of an affidavit identifying the items to be seized may cure an overbroad warrant if it is physically connected to the warrant and the warrant expressly refers to the affidavit and incorporates it by reference, *Leary* 846 F.2d at 603.

## 2. **Application**

As he did before the district court, Nolan concedes on appeal that the warrant was sufficiently particular when issued because it referred to Exhibit B which was referenced on the face of the warrant as containing a description of the items to be seized and Exhibit B was included as part of the warrant application. And he does not argue that the search exceeded the scope of the warrant.[2] His sole contention is

---

[2] Nolan also does not contend that suppression was required because Detective Haley "gave [him] an incomplete copy of the warrant packet." Aplt. Br. at 20. *See United States v. Grubbs*, 547 U.S. 90, 98 (2006) ("The absence of a constitutional requirement that the warrant be exhibited at the outset of the search, or indeed until the search has ended, is . . . evidence that the requirement of particular description does not protect an interest in monitoring searches." (internal quotation marks omitted)); *United States v. Pulliam*, 748 F.3d 967, 973 (10th Cir. 2014) ("[U]nder *Grubbs*, persons targeted by a search warrant have no right rooted in the Fourth Amendment's particularity clause in using their copy of the warrant in an attempt to monitor or control the search during its execution.").

5

that the warrant did not meet the particularity requirement when executed because it was no longer physically attached to Exhibit B. We disagree.

"[T]he plain language of the Fourth Amendment requires us to focus solely on the warrant as issued to police." *United States v. Pulliam*, 748 F.3d 967, 973 (10th Cir. 2014); *see* U.S. Const. Amend. IV ("[N]o *Warrants shall issue*" without probable cause and a sufficiently particular description of the place to be searched and things to be seized. (emphasis added)). The focus on the warrant as issued in determining whether it is sufficiently particular is consistent with the purpose of the particularity clause—"to prevent general searches" and "assure[] the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search," *Groh*, 540 U.S. at 560-61 (internal quotation marks omitted).

In *Groh*, the Supreme Court ruled that an unattached and unincorporated affidavit and application were insufficient to cure a warrant lacking in particularity, explaining that:

> unless the particular items described in the affidavit are also set forth in the warrant itself (or at least incorporated by reference, and the affidavit present at the search), there can be no written assurance that the [issuing judge] actually found probable cause to search for, and to seize, every item mentioned in the affidavit.

540 U.S. at 560. Judging the sufficiency of the warrant at the time of issuance, not the time of execution, the Court held that the warrant was "obviously deficient" because it "did not describe the items to be seized at all," *id.* at 558 (emphasis omitted), and rejected the government's argument that the warrant was nevertheless

6

valid because when executing it, the officer "orally described . . . the items to be seized" and "did not exceed the limits intended by the [issuing judge]," *id.* Contrary to Nolan's assertion, nothing in *Groh* suggests that a warrant that is sufficiently particular when issued is no longer valid when executed if the exhibit describing items to be seized is no longer physically attached to the warrant.

Like *Groh*, our decisions in *Leary* and *Williamson* examined the sufficiency of the challenged warrants *when they were issued*, not when they were executed. In *Leary,* we held that a sufficiently particular affidavit "may cure an overbroad warrant" if the affidavit and warrant are "physically connected so that they constitute one document." 846 F.2d at 603. We invalidated a facially overbroad warrant that did not incorporate the supporting affidavit, noting that "there is no clear evidence in the record to support the government's assertion that the affidavit was a part of the warrant." *Id.* (internal quotation marks omitted). And we expressly declined to assess the particularity of the warrant at the time of execution, rejecting the government's argument that "the facial overbreadth of the warrant is not fatal because any doubts about what was to be seized could be resolved by resort to the affidavit which was a part of the warrant . . . the agents had with them at the location of the search." *Id.* (internal quotation marks omitted).

Then, in *Williamson*, we invalidated a warrant as insufficiently particular when issued because it "provide[d] no meaningful description of the premises" to be searched, and we rejected the government's argument that the executing officer's knowledge of the actual location of the business alone cured the defective warrant.

7

1 F.3d at 1136. Relying on one sentence in a footnote in *Williamson*, Nolan maintains that the rule in this circuit is that to satisfy the particularity requirement, an unspecific warrant and the documents providing the necessary particularity must be attached at the time of execution. Read in context, however, our statement in *Williamson* does not stand for that broad proposition.

Annotating our conclusion in *Williamson* that the warrant was not sufficiently particular and was therefore invalid when issued, the footnote addressed the government's argument that other documents available at the time of execution could cure the deficiency in the warrant as issued. We acknowledged that, under *Leary*, an overbroad warrant can be cured by an incorporated affidavit if the documents are "physically connected so that they constitute one document," but we declined to consider whether "the contents of the warrant application or its accompanying affidavit" could cure the deficient warrant because there was "no evidence in the record that either the affidavit or the warrant application were attached to the search warrant *at the time of execution*." *Id.* at 1136 n.1 (emphasis added, internal quotation marks omitted). Nothing in *Williamson* suggests, however, that the warrant and supporting documents were attached and met the *Leary* "one document" rule when the warrant application was submitted to the issuing judge. Accordingly, and contrary to Nolan's contention, *Williamson* does not stand for the proposition that a warrant that is valid when issued based on an attached exhibit providing the necessary particularity is no longer valid when executed if the exhibit and warrant do not remain physically attached.

8

Indeed, since *Williamson*, we have expressly held the opposite, albeit in an unpublished decision. Specifically, in *United States v. Perez*, 145 F.3d 1347, *4 & n.2 (10th Cir. 1998) (unpublished), we held that in determining whether a warrant satisfies the particularity requirement, courts may consider incorporated documents that were physically attached to the warrant when it was issued but not when it was executed if the officer who applied for the warrant was one of the officers who conducted the search and the defendant does not contend that the executing officers exceeded the scope of the items listed in the attachment. That is precisely the scenario presented here. Detective Haley prepared the warrant application which included his affidavit as Exhibit A and Exhibit B listing the items to be seized. He submitted them as one document to the issuing judge, provided the other officers with a copy of the complete warrant packet and briefed them about the purpose and scope of the search, and was one of the officers who conducted the search. Nolan concedes that the warrant was valid when issued, and he does not claim the executing officers exceeded the scope of the warrant. Accordingly, we reject his challenge to the sufficiency of the warrant. *See id.*[3]

Having concluded that the warrant satisfied the particularity requirement, we need not address Nolan's argument that the good faith exception to the exclusionary rule "cannot save the search in this case," Aplt. Br. at 23.

---

[3] *Perez* did not suggest, nor do we, that these are the only circumstances in which a court may consider incorporated documents that were physically attached to the warrant when it was issued but not when it was executed.

9

## Conclusion

We affirm the district court's order denying Nolan's motion to suppress and therefore affirm his conviction.

<div style="margin-left: 50%;">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>