**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL SHAUN DAVIS,

    Defendant - Appellant.

No. 24-7098
(D.C. No. 6:23-CR-00178-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

This much is clear: Sheriff's deputies searched Michael Davis's house with a warrant and found guns he could not legally possess. What remains unclear is whether the warrant listed the correct address for the house. The warrant listed an address on McGinnis Street. But Mr. Davis says the house is on Meginnis Street. Because the warrant identified the wrong street, Mr. Davis tells us, it was invalid, requiring suppression of the evidence found in his house. We disagree. Even if the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

warrant misspelled the street name, the deputies relied on it in good faith, so there was no reason to suppress evidence found in the search.

I

The Fourth Amendment demands that a search warrant describe the place to be searched with particularity. *United States v. Russian*, 848 F.3d 1239, 1244 (10th Cir. 2017). Evidence obtained through a search that violated the Fourth Amendment will generally be suppressed—that is, excluded from the government's case-in-chief. *See United States v. Suggs*, 998 F.3d 1125, 1140 (10th Cir. 2021); *United States v. Leon*, 468 U.S. 897, 900 (1984). But exceptions to this general exclusionary rule exist. Even if a search warrant is ultimately determined to violate the Fourth Amendment's particularity requirement, for example, evidence obtained by officers acting in objectively reasonable reliance on the warrant will not be suppressed. *See Russian*, 848 F.3d at 1246. This good-faith exception seeks to limit the exclusionary rule to those cases in which it will deter police misconduct. *See id.* "When an officer acts in good faith, there is nothing to deter." *Id.*

II

The events leading to this case started when Mr. Davis's neighbors reported that he had been shooting guns toward their homes. Law enforcement researched Mr. Davis's criminal history and discovered he had been convicted of a felony. A person with a felony conviction may not possess a gun. *See* 18 U.S.C. § 922(g)(1). An investigator at the sheriff's department obtained a warrant to search Mr. Davis's house for guns and related evidence. In the search they found a shotgun, a pistol, and

2

ammunition.[1]  Based on this evidence, a grand jury indicted Mr. Davis on one count of possessing a firearm and ammunition as a convicted felon.

Mr. Davis moved to suppress the evidence obtained through the search warrant.  He argued the warrant violated the Fourth Amendment's particularity requirement because it listed a nonexistent address.  The warrant authorized a search of 10 McGinnis Street, Eufaula, OK 74432.  The correct address, Mr. Davis said, was 10 Meginnis Street, Eufaula, OK 74432.  And beyond the address, the warrant contained no description of the house.

At the suppression hearing, the parties clashed over the correct street name. Mr. Davis presented a letter from the local 911 coordinator stating that she had the authority to assign addresses and that the address for Mr. Davis's house is 10 Meginnis Street.  He also proffered that entering the McGinnis Street address in Google Maps would not yield directions to his house but entering the Meginnis Street address would.  The government, however, presented evidence that the county assessor lists the property as sitting on McGinnis Street.  In fact, the investigator who drafted the warrant used the assessor's records to determine Mr. Davis's address. Neither party presented evidence showing how any street signs or mailboxes in the area identified the street.

---

[1] Deputies obtained additional evidence through two subsequent warrants.  The parties agree that whether the evidence obtained through the second and third warrants must be suppressed depends on whether the evidence obtained through the first warrant must be suppressed.  We therefore discuss only the first warrant and search.

The district court found that "the correct address is not clear and may be context-dependent (taxable address vs. physical address)." R. vol. 1 at 81. It remained an open question, the court found, whether the street name is McGinnis or Meginnis, and neither party presented "a definitive answer or authority." *Id.* at 84. But assuming the warrant listed the incorrect street, the court concluded, the warrant still satisfied the Fourth Amendment's particularity requirement. And even if the warrant violated the particularity requirement, the court alternatively held, the evidence obtained through it still would have been admissible under the good-faith exception to the exclusionary rule.

Mr. Davis pleaded guilty but reserved the right to appeal the district court's suppression ruling.[2]

### III

Mr. Davis argues on appeal that the search warrant violated the particularity requirement and that the good-faith exception to the exclusionary rule should not apply. We need not address the particularity requirement because we readily conclude that the good-faith exception applies.

We review de novo the district court's conclusion that the good-faith exception applies. *See Russian*, 848 F.3d at 1244. Our review considers the totality of the

---

[2] Mr. Davis also appeals the denial of his motion to dismiss, arguing that § 922(g)(1) violates the Second Amendment. As he recognizes, however, our precedent requires us to reject this argument. *See Vincent v. Bondi*, 127 F.4th 1263, 1264–66 (10th Cir. 2025), *petition for cert. filed* (U.S. May 8, 2025) (No. 24-1155).

circumstances and views the evidence in the light most favorable to the government. *See id.*

Whether the good-faith exception applies "turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *Herring v. United States*, 555 U.S. 135, 137 (2009). "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Id.* at 144.

We agree with the district court that the record reveals "no action suppression would deter here." R. vol. 1 at 88. The investigator who sought the warrant acted reasonably when he used the county assessor's records to determine Mr. Davis's address. And one of the deputies who executed the warrant testified that he "knew exactly" where to go once he was told the warrant was for Mr. Davis's house because he had been to the house before. *Id.* at 125. We see no culpable conduct from any of the officers involved.

Yet Mr. Davis contends the good-faith exception should not apply because "any reasonable officer would have realized the address" listed in the warrant did not exist. Aplt. Opening Br. at 20. He is correct that the exception will not apply when a warrant is "so facially deficient" in describing with particularity the place to be searched "that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923. But the warrant in this case was not so facially deficient. Even after a full hearing on the issue, the district court remained unsure whether the

5

address listed in the warrant was wrong. It would surely be odd to say that any reasonable officer—with far less information suggesting an error—would have known the address was wrong. Yet Mr. Davis says the error should have become clear once an officer attempted to find his house. We fail to see why that is so. After all, the record lacks any evidence about how signs in the area identified the street. And at least one of the deputies who executed the warrant "knew exactly" where Mr. Davis lived, so the deputies had no reason to consult a resource such as Google Maps that might have suggested an error in the address. R. vol. 1 at 125.

*United States v. Williamson* gives us no pause in concluding the good-faith exception applies here. As Mr. Davis underscores, we held in *Williamson* that the government could not benefit from the good-faith exception because the warrant in that case provided "no meaningful description of the premises" to be searched, preventing executing officers from reasonably concluding it was valid. 1 F.3d 1134, 1136 (10th Cir. 1993). But the potential flaw in the warrant here looks nothing like the problems with the warrant in *Williamson*. In *Williamson*, officers searched an office and warehouse bearing an address entirely different from the one listed in the warrant. *Id.* In fact, the warrant listed the address of a mailbox at least eight miles away from the office and warehouse. *Id.*

In his reply brief, Mr. Davis raises a new argument seeking to avoid the good-faith exception. The new argument posits that deputies improperly executed the warrant. By waiting until his reply brief to raise this issue, Mr. Davis has waived it. *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019).

6

\*        \*        \*

The district court's judgment is affirmed.

                                    Entered for the Court


                                    Joel M. Carson III
                                    Circuit Judge